# WRIGHT vs. LINDSAY.

1. When "not guilty," and "justification" are pleaded to an action of slander, the latter plea does not amount to an admission of record of the speaking of the words charged. The statute (Clay's Digest, 332, § 109) confers upon the defendant the right to plead as many matters as he may think necessary to his defence.

2. In an action of slander for words spoken, charging the plaintiff with stealing, if the words are proved to have been spoken in relation to a transaction which would not amount to a charge of larceny, such proof will protect the defendant from all legal consequences, except those resulting from *special* damages.

3. A bailee could not be guilty of larceny at common law, by a fraudulent conversion of the deposit.

ERROR to the Circuit Court of Jackson.

Tried before the Hon. Thomas. A. Walker.

ROBINSON, for plaintiff in error.

The facts set out in this record, do not show a partnership between plaintiff and defendant; but an employment of plaintiff, for which he was to receive of defendant a portion of the product of his labor. Moore v. Smith, January Term, 1852.

If this be so, it is clear that the court mistook the law, in holding that the charge amounted only to a breach of trust.

By the 31st section of Penal Code, Clay's Digest, 421, a fraudulent conversion of the whisky by plaintiff would make a larceny.

The words spoken then amounted to a charge of larceny; and the fact that the court referred these words to plaintiff's failure to account for all the money, cannot relieve them from their actionable character. The Circuit Court should have left it to the jury to say whether or not plaintiff had been guilty of a fraudulent conversion. But by its charge, it withdrew this question entirely from their consideration.

C. C. CLAY, JR., for defendant in error.

I. The plaintiff was not entitled to the charge asked.

1. It was in conflict with that already given and not excepted to, and would have taken from the defendant the benefit of the former charge.

2. It would have nullified the plea of "not guilty," and would have shifted the entire onus of proof on the defendant, requiring of him to prove plaintiff had committed a larceny, notwithstanding his failure to show that defendant had uttered the words charged. This would have been in violation of the rules of pleading and evidence. Gould's Pleadings, 432–3; Pope v. Welsh's Adm'r, 18 Ala. Rep. 631; Doss v. Jones, 5 How'd (Miss.) 159; 2 New Hamp. Rep. 89.

3. It was abstract and wholly unsustained by the evidence.

II. The charge given was correct.

1. The defendant had a right to show that the words, although *prima facie* importing felony, were not used in an actionable sense, and were not so understood by the hearers. Williams v. Cawley, 18 Ala. 206; 8 Ala. 510; 5 N. Hamp. 203; 1 Campb. 48; 3 Brevard, 38; 9 New Hamp. 156; 15 Vern. 245; 7 Monroe, 314; 2 Wheat. Selwyn, 1270.

2. A partner cannot commit larceny of the goods of the firm. To sell and not account, is a mere breach of trust. The charge as made by defendant did not impute to plaintiff a crime, either at common law or under any statute. 2 Wheat. Selwyn, 1269 and *note*.

3. If, however, the evidence does not show that plaintiff was a partner of defendant's, and the court should hold the former the mere agent or clerk of the latter, still the words were not actionable, as they did not import a crime at common law, or under the statute relied on, Clay's Dig. 421, § 31. The time when the plaintiff was the partner or agent of defendant, and when the whisky was taken and unaccounted for by plaintiff, was in 1840, or early in 1841, as the proof shows. The Penal Code did not become the law of the State till 2d November, 1841, when the Governor's proclamation issued. See Pamph. Acts, 1840-1, p. 132, § 31, and p. 192, § 28; last section of Penal Code and Gov.'s proclamation; Pamph. Acts of 1841-2, p. 182. Hence, whether plaintiff was partner, agent or clerk of defendant, his (plaintiff's) act was a mere breach of trust and no crime. 2 Wheat. Selwyn, 1270; Russell on Crimes.

III. But, though the charge was erroneous, and defendant's words were actionable, yet the court should not reverse, as the proof shows plaintiff was not entitled to a verdict; his admission of the truth of the charge being proven.

GOLDTHWAITE, J.—This was an action brought by the plaintiff in error, against the defendant in error, for slander, in charging him with stealing whisky; to which, not guilty, and justification were pleaded. On the trial, the speaking of the words was proved, and the defendant then introduced testimony conducing to prove that in the latter part of the year 1840, or the early part of 1841, before the speaking of the words, "the plaintiff was a partner of the defendant, employed in distilling whisky," and that for his services, he was to receive the one-sixth or one-seventh gallon of all that was made, and was authorized to sell to such persons as wished to purchase; that on several occasions he had disposed of whisky, and failed to account for the same. The evidence also tended to prove that the charge was made with reference

to the whisky which the plaintiff had disposed of, and in relation to his failure to account for the same while connected with the defendant.

The court, on the part of the plaintiff, was requested to instruct the jury that the defendant, by his plea of justification, admitted the speaking of the words as charged, and that in order to sustain the plea, it was necessary to prove that the plaintiff had committed a larceny. These instructions were refused, and the court charged, that the defendant was only bound to show a legal justification, which might be done by proving that the words were spoken with reference to the taking of the whisky during the existence of the partnership, which would make it a breach of trust, and not a larceny; and that in that view of the case, the words would lose their actionable character, and the plaintiff would not be entitled to recover, without proof of special damage.

The refusal to give the instructions requested, and the charge as given, are assigned for error in this court.

We are of opinion, that there was no error in refusing to give the instructions requested. If the plea of justification had been pleaded by itself, it was certainly true, that it would in that case have operated as an admission of record of the speaking of the words charged; but when, as in this case, it was pleaded with the plea of not guilty, to hold that it amounts to such an admission, would be, in effect, to abrogate the statute which confers on the defendant the right, in civil actions, of pleading as many matters as he thinks necessary to his defence. Clay's Dig. 332, § 109. The decisions of other States upon similar statutes, and in England on the statute of Anne, which extends to defendants, by leave of the court, the same privileges which are conferred by our own statute as a matter of right, are conclusive, as to this point. 2 New Hamp. 89; 5 S. & R. 411; 5 Taun. 228; 18 Ala. Rep. 631.

Can the exception to the charge be sustained? We think not. We understand the charge as given, upon a fair construction, to amount to no more than the assertion of the proposition, that if the words were proved to have been spoken in relation to a transaction which could not amount to the charge of larceny, that such proof would protect the defendant from all legal consequences, except those resulting from

special damages; and this we understand to be the law, as decided by this court in Williams v. Cawley, 18 Ala. Rep. 206. The charge may not have been correct in relation to the plea of justification, but if it was properly applicable to the plea of not guilty, it could not be regarded as error; as that plea, if sustained, would be a full answer to the declaration.

It is insisted, however, that, although in the bill of exceptions the plaintiff is referred to as the partner of the defendant, and the term partnership is used to designate the connection which existed between them; that the evidence as stated upon the record, shows that such was not the relation between them at the time of the transaction to which the charge made by the defendant referred; that instead of being the partner, the plaintiff was but the agent or bailee of the defendant, and that under the statute of this State, (Clay's Digest, 321, § 31) the fraudulent conversion of goods, by one occupying that position, might be larceny, and that in this point of view the court erred in directing the jury that the transaction could not amount to a larceny. We regard it as unnecessary to determine whether the fact of the copartnership is negatived by the bill of exceptions. If the plaintiff was not the partner of the defendant, it is conceded that he was the bailee, and by the common law, the bailee could not be guilty of larceny by the fraudulent conversion of the deposit. The statute relied on by the plaintiff in error had no operative existence until the 2d November, 1841, (Acts 1840, 192; Acts 1841, 182) while the transaction to which the charge referred, is shown upon the record to have occurred in the latter part of 1840, or the early part of 1841.

The judgment is affirmed.