### SEYMOUR *vs.* BAILEY.

1. In an action of trespass for an assault and battery, upon a proper plea of justification being filed, the defendant would be entitled to open and conclude the case ; but where the declaration alleged that the defendant, with an ax-helve and with his fist, gave and struck petitioner a great many violent blows on and about divers parts of his body, and particularly his head, and that he shook, pulled and knocked the plaintiff down upon the ground, and there struck him a great many other strokes and blows, by which he was greatly hurt, etc., it was not a sufficient plea of justification

to allege that the plaintiff made an assault upon the defendant, and would have beaten and illtreated him if he had not immediately defended himself against the plaintiff, and therefore he did a little beat, illtreat and wound the plaintiff necessarily and unavoidably, and the plaintiff, by his assault, brought it upon himself; nor was it sufficient, by amendment, to admit that the defendant struck the plaintiff one blow with an ax-helve, which he was authorized to do by reason of an attack made on him by the plaintiff, who had a stick, and was accompanied by other persons, and who had struck him once and was endeavoring to strike him again. Such pleas admitted only a part of the facts alleged in the declaration, and left the burden of proving the rest upon the plaintiff under the plea of the general issue.

2. Where a plea of justification was held to be insufficient, and counsel for defendant proposed to amend it in any way the court would indicate, to make it a good plea, whereupon the judge said that he did not see how a plea of justification could be made, under the facts, and that none could be filed, this was not a ruling on which a reversal could be had. It is not the duty of the court to instruct counsel as to what a plea should contain.

3. In a civil case, the plaintiff is not bound to prove his case beyond a reasonable doubt.

March 30, 1886.

Assault and Battery. Pleadings. Justification. Reasonable Doubts. Evidence. Practice in Supreme Court. Before Judge ESTES. Madison Superior Court. September Term, 1885.

John H. Bailey brought an action against John W. Seymour to recover damages for an assault and battery. The jury found for the plaintiff $200.00. The defendant moved for a new trial, which was refused, and he excepted. The other facts sufficiently appear in the decision.

S. P. THURMOND, by J. H. LUMPKIN; E. T. BROWN; D. W. MEADOW, for plaintiff in error.

BARROW & THOMAS; JOHN J. STRICKLAND, for defendant.

JACKSON, Chief Justice.

1. The only error assigned worthy of consideration is, that the court erred in not giving the plaintiff in error the

right to open and conclude, it being alleged that he had
filed pleas of justification to the action of trespass for as-
sault and battery. ' He had the right to open and conclude
if he did file a proper plea of justification, and the ques-
tion on which his right turns is, are the pleas filed legal
pleas of justification? To make them such, they must ad-
mit the battery as alleged, or, to use the technical words,
"in manner and form" as averred in the declaration. The
allegation in the declaration is, that with an ax-helve and
with his first he gave and struck petitioner a great many
violent blows on and about divers parts of his body, and
particularly his head, and then and there shook, pulled and
knocked him down upon the ground, and there struck him
a great many other strokes and blows, by which he was
greatly hurt, bruised and wounded, and was thereby laid
up for twelve weeks, unable to attend to his ordinary busi-
ness, etc.

The plea of not guilty was filed to this declaration, and
then follows the following, in substance, as a plea of justi-
fication: that the plaintiff made an assault upon him and
would have beaten and illtreated him, if he had not im-
mediatly defended himself against said plaintiff, and there-
fore did a little beat, illtreat and wound the plaintiff nec-
essarily and unavoidably, and plaintiff by his assault
brought it on himself. This plea does not admit the alle-
gations of plaintiff, but only a little bit of the beating, and
justifies that. So it is not a good plea of justification. 1
Chitty, 500-1; 3 *Ib.*, 1067; 2 Greenleaf, 95; *Ocean Steam-
ship Co. vs. Williams*, 69 *Ga.*, 251; *Barnes vs. Augusta
Factory*, 72 *Id.*, 217; *Phelps vs. Thurman*, 74 *Ga.*, 837,
Code, §3051.

The plea was then amended, to the effect that he struck
one blow with the ax-handle, but was authorized to do so
from plaintiff's attack, who attacked him with a stick in
his store, accompanied with a grown son and a negro man,
and after boisterous and threatening conduct, struck him
with the stick and was trying to strike him again, when

he himself struck to prevent plaintiff from striking him, and was lawfully authorized to do so, and for further plea says he is not guilty.

We do not think that this amendment mends the matter. It only admits the one blow with the ax-helve, and admits in part, and excuses that part still.

The plaintiff was thus forced still to prove his case. He held the affirmative of every fact alleged, except the fraction admitted, and would have got nothing in lieu of his right to open and conclude, had it been given to the defendant.

2. Then defendant, this plea being adjudged insufficient, proposed to fix the plea any way the court said. Whereupon the judge said he did not see how a plea of justification could lie to these facts, and said none could be filed, and error is assigned on this.

It is not the duty of the court to instruct counsel how to plead, and no assignment of error will lie to the ground on which the judge refuses to do so.

3. In a civil case the plaintiff is not bound to prove his case beyond a reasonable doubt, and there was no error in refusing the request to charge to that effect.

Judgment affirmed.