## RIGDEN *vs.* JORDAN & STEWART.

1. Where the action was for malicious prosecution, and defendants filed a plea admitting "that they caused the warrant to issue, that plaintiff was arrested under it, imprisoned and carried before a magistrate, tried for the offence of cheating and swindling and discharged; but claiming in the plea that they were authorized by law to do all of said acts; that they had probable cause and were justified in doing them, because they had reason to suspect the guilt of the plaintiff of the crime charged in the warrant, for he obtained credit and goods from them in April and May, 1885, to the amount of $12, by falsely representing them that he had a contract with E. F. May to pay him $30 a month; and by reason of these false representations defendants were defrauded; and that all of said acts were done by them in good faith and without malice, this was a good plea of justification, in this case. The defendants admitted, in the very words of the declaration, the act complained of and set out the facts which they say amounted to probable cause.

(a) Under the laws of this State, it is not required of a prosecutor to be fully satisfied of the truth of the charge; nor is it required of him to guarantee a conviction upon the charge which he makes against the person accused; if he have probable cause for an arrest, he is authorized by law to have it made. *Phelps vs. Thurman*, 74 *Ga.* 837; and *Seymour vs. Bailey*, 76 *Ga.* 338, cited and distinguished.

2. Under the code, §3453, and under the statute of Anne, defendants had the right to file both the plea of the general issue and the plea of justification.

(a) But the effect of filing the plea of justification under the statute of Anne, by which it was treated merely as pleading, and under number 55 of the old rules of court, by which it was optional with defendant to assume the burden of proof when he filed such a plea, has been changed by §3051 of the code. Under said section, it is mandatory upon defendant filing such plea to assume the burden of proof; the plea admits the act charged, and it is not necessary for plaintiff to introduce proof to establish the facts set out in the declaration. Hence, when a plea of justification is filed in a case of tort, it amounts, under the code, to a withdrawal or abandonment of the plea of the general issue.

(b) When such plea of justification is filed, the defendant is entitled to open and conclude; the burden is not on the plaintiff to show damages, but in reply to the defendant's testimony, he may show aggravating circumstances in order to increase the damages, and when alleged, any special damage which is recoverable in the case.

3. The materiality of evidence which was ruled out must be shown, to authorize the granting of a new trial because of its exclusion.

(a) Plaintiff should have been allowed to testify as to what May swore at the committing trial, May being dead, if such evidence were shown to be material.

4. Evidence tending to show that defendants made inquiries as to the truth of the statement made to them by plaintiff when he purchased the goods, and that they did not sue out the warrant until they made such inquiries, was admissible, as was also the reply to such inquiries.

5. It was error to allow a justice of the peace to testify that he advised one of defendants that a warrant would lie against plaintiff.

6. It was not error to refuse to allow a witness to be questioned as to whether the jury in another case had given credit to plaintiff's testimony, or to that of others.

7. The jury having found for defendants on their plea of the general issue, and defendants having admitted by their plea of justification the very acts which the jury found they had not committed, the verdict was contrary to law and evidence.

October 22, 1888.

Malicious prosecutions. Pleadings. Practice. Evidence. Probable cause. Before Judge VAN EPPS. City court of Atlanta. June term, 1888.

Reported in the decision.

ALEXANDER & TURNBULL, for plaintiff.

MILLEDGE & SMITH, for defendants.

SIMMONS, Justice.

This was an action brought by the plaintiff against the defendants for a malicious prosecution. The defendants filed two pleas, to wit, the plea of the general issue, and the plea of justification. On the trial of the case, the jury, under the charge of the court, found for the defendants upon the plea of the general issue. The plaintiff made a motion for a new trial, upon the grounds set out therein, which was overruled by the court, and he excepted. The 5th, 6th and 7th grounds of the motion will be considered together. They are, in substance, that

the court erred in holding the second plea to be a good plea of justification, and in holding that the defendants could file these two pleas and still be entitled to the opening and conclusion of the argument.

1. The first question we are called upon to decide is, whether this was a good plea of justification or not. Section 3051 of our code provides : "In every case of tort, if the defendant was authorized by law to do the act complained of, he may plead the same as justification. By such plea he admits the act to be done, and shall be entitled to all the privileges of one holding the affirmative of the issue." In this plea the defendants admit that they caused the warrant to issue, and that the plaintiff was arrested under it, imprisoned and carried before a magistrate, tried for the offence of cheating and swindling, and discharged. But they say they were authorized by law to do all of said acts ; that they had probable cause and were justified in doing so, because they had reason to suspect the guilt of the plaintiff of the crime charged in the warrant, for he obtained credit and goods from them in April and May, 1885, to the amount of $12, by falsely representing to them that he had a contract with E. F. May to pay him $30.00 per month ; and by reason of these false representations the defendants were defrauded; and all of said acts were done by them in the utmost good faith and without malice. It will be observed that, in this plea, they admit in the very words of the declaration the act complained of, and they allege that they were authorized by law to do so, and set out the facts which they say amounted to probable cause. If they had probable cause for this arrest, they were authorized by law to have it made. Under the laws of this State, it is not required of a prosecutor to be fully satisfied of the truth of the charge; nor is it required of him to

guarantee a conviction upon the charge that he makes against the person accused. Having admitted in this plea the act complained of in the declaration, and having alleged that they were justifiable in making the charge because they had probable cause for the arrest, we think it was a sufficient plea of justification. *Ocean Steamship Co. vs. Williams*, 69 *Ga.* 257; *Ventress vs. Rosser*, 73 *Ga.* 537; *Henderson vs. Francis*, 75 *Ga.* 178. These authorities do not conflict with the case of *Phelps vs. Thurman*, reported in 74 *Ga.* 837. In the latter case, the charge in the declaration was not fully admitted in the plea, nor were any facts set out therein to show upon what the defendant acted in suing out the distress warrant. Nor do they conflict with the case of *Seymour vs. Bailey*, 76 *Ga.* 338. In that case, only a part of the charge contained in the declaration was admitted in the plea.

2. The next question which arises is, whether a defendant can file a plea of the general issue, and a plea of justification also, in actions of this kind; and if so, what is the effect of the two pleas, under our code. Section 3453 of the code allows defendants to file contradictory defences to every case brought against them. These two pleas, in actions of this sort, are not only contradictory, but very inconsistent with each other. The general issue denies the allegations in the declaration; the plea of justification admits them. Still, under this section of the code, and under the statute of Anne, the defendant is entitled to file them. And under section 3560, if there are several pleas filed by the defendant, the verdict must show on which one of them it is rendered. It would seem, therefore, that under our code and under the statute of Anne, a defendant in an action of tort may file both pleas. But what is the effect of filing the plea of justifica-

tion in an action of tort? It seems that under the statute of Anne, when these two pleas were filed, the plea of justification was not treated as an *admission* of the facts charged in the declaration, but was treated merely as pleading. The plaintiff, when these two pleas were filed, could not rely on the defendant's plea of justification to make out his case, but had to introduce testimony in order to make it out. Rickett *et ux. vs.* Stanley, 6 Blackf. (Ind.) Rep. 169, and authorities there cited; Doss *vs.* Jones, 5 Howard (Miss.) Rep. 158; and Wright *vs.* Lindsay, 20 Ala. Rep. 428. This rule was changed to some extent by No. 55 of the old rules of court. See 2 *Kelly*, 477. That rule declared that in all cases arising *ex delicto*, if the defendant plead justification, *and takes upon himself* the burden of proof, he should have the right to open and conclude. If he justified in an action of tort and announced to the court that he assumed the burden of proof, under this rule he was entitled to open and conclude, although the plea of general issue had been filed. It amounted to an abandonment of that plea. We think our code has changed both of these rules. It changed the rule of court, because it is no longer optional with the defendant to assume the burden of proof when he files the plea of justification, but it is mandatory. It changed the rule under the statute of Anne, because it declares that " by such plea he *admits* the act to be done, and shall be entitled to all the privileges of one holding the affirmative of the issue."

When, therefore, a defendant files a plea of justification, it is an admission by him that he did the act complained of in the declaration. If it is an admission, then there is no necessity for the plaintiff to introduce proof to establish the facts set out in his declaration; the burden is shifted from the plaintiff to the defendant

the very moment the defendant files this plea. It de-
volves upon him, when this plea is filed, to establish the
truth of it by proper testimony. Although the code
declares that a defendant may file contradictory pleas,
and requires the jury to say upon what plea the verdict
is rendered if they find for the defendant, in our opin-
ion, when a plea of justification is filed in a case of
tort, it amounts, under our code, to a withdrawal or
abandonment of the plea of the general issue. When
the law says that by the filing of this plea he admits
the act to be done, it would be an absurdity to require
the plaintiff to go on and make out his case by testi-
mony. Why should the plaintiff be required to prove
by testimony a fact which is already admitted in the
record. Why should a judge instruct the jury to say
in their verdict upon which plea of the defendant the
verdict was rendered, and how absurd it would be for
the jury to return a verdict for the defendant upon the
plea of the general issue, when the defendant, by his
plea, had already admitted in open court that he had
committed the act complained of in the declaration and
thus broken up the plea of the general issue. The
case now under consideration illustrates the absurdity
of such a thing. Here, as we have seen, the defend-
ants first in their plea of the general issue denied com-
mitting the acts complained of, and then, in their plea
of justification, they admitted doing the very acts com-
plained of in the declaration; and the jury rendered
their verdict on the plea of the general issue. Although
the defendants had admitted in open court the acts
complained of, the jury by their finding say the admis-
sion was not true. The law certainly will not tolerate
such an absurdity

If we are correct in the above observations, it follows as
a matter of course that, when the plea of justification is

filed, the burden is shifted upon the defendant, and he necessarily has the opening and conclusion of the argument; indeed the code so declares. A great many authorities were read to us by the plaintiff in error, showing that when the two pleas were filed, the plaintiff still had the opening and conclusion. That would be true under the statute of Anne and the decisions thereunder; because, as we have explained above, when the two pleas were filed, the plea of justification was held to be not an admission of the truth of the charges contained in the declaration, and it was therefore necessary for the plaintiff still to make out his case. As we think we have shown, since the adoption of the code, the rule has been changed in this State. The plea does admit the act complained of, and when filed, casts the burden upon the defendant. It was argued by counsel for the plaintiff in error that although this might be true, still the burden would be on the plaintiff to prove his damages. We do not agree with them in this view. In cases of tort, when properly made out, damages follow as a matter of course. No particular amount of damages can be proved, but the amount of damages is left by our law, in cases like this, to "the enlightened consciences of impartial jurors." If the defendant sustains his plea of justification, there can be no damages; if he fails, the jury can assess them without proof, looking at all the facts and circumstances of the case; or the plaintiff, in reply to the defendant's testimony, may show aggravating circumstances in order to increase the damages, and when alleged, any special damage which is recoverable in the case.

3. The 8th ground complains that the court would not allow the plaintiff to testify as to what May had sworn to at the committing trial, May being dead. We cannot say that the court erred in this ruling, be-

cause the record does not disclose what May's testimony was, so as to inform us whether it was material or not. We will say in passing, however, that if it was material, we should think it would be admissible. In *Gavan vs. Ellsworth,* 45 *Ga.* 283, this court held, that "the testimony of a witness, since deceased, given before the magistrate on a commitment trial for an assault with intent to murder, may be used against the defendant in a civil suit for damages by the person injured."

4. The 9th ground complains because ‛the court admitted Ellis to testify that, before the warrant was sued out, he was sent by the defendants to May to inquire whether he had agreed with the plaintiff to furnish him thirty dollars per month to pay off his hands and to pay his provision bills, etc., and that May had replied "no." We think this testimony was admissible. It went to show that the defendants made inquiries as to the truth of the statement which they say Rigdon made to them when he purchased the goods; and that they did not sue out the warrant against him until they had made inquiry as to the truth of his statement. It would tend to show their good faith in the matter, which, in cases like this, is probable cause.

5. The 10th ground complains that the court erred in allowing Poole, a justice of the peace, to testify that he advised Jordan that a warrant would lie against Rigdon for cheating and swindling. We think this ruling of the court below was error. The law allows only the advice given to the defendant by counsel learned in the law to be proved; and only then, when it is shown that the defendant related to counsel all the material facts of his case. Straus *vs.* Young, 36 Md. 246; Olmstead *vs.* Partridge, 16 Gray, 381; Cooley on Torts, 183, 184.

ʖ. The 11th ground complains that the court refu ɔd to allow the plaintiff to ask Lee whether the jury

in the former case had given credit to Rigdon's testimony or that of the others. There was no error in refusing to allow this question. Lee could not possibly undertake to tell what credit the jury in the other case had placed upon the testimony of the different witnesses.

7. The first four grounds were, that the verdict was contrary to law and to the evidence, and without evidence to support it. From what we have already said, we think the court should have granted a new trial upon these grounds. The jury returned a verdict in favor of the defendants on the plea of the general issue; and the defendants had admitted in their plea of justification the very acts that the jury found they had not committed. Their verdict was certainly contrary to the evidence and to law.

Judgment reversed.