33616.  SELLERS *v.* BROWN.

DECIDED SEPTEMBER 12, 1951.

*Casey Thigpen, Newell J. Smith,* for plaintiff in error.

*E. W. Jordan, E. T. Averett,* contra.

SUTTON, C. J.  Russell Sellers, a minor appearing by next friend, brought suit for damages against Barney Brown for a malicious prosecution.  The petition alleged that on August 29, 1949, the defendant made an affidavit before E. C. May, a justice of the peace in Washington County, Georgia, charging that the plaintiff committed the offense of attempted burglary on August 28, 1949; that a warrant for the plaintiff's arrest then and there issued; that the plaintiff was arrested on August 29, 1949, in Fulton County, Georgia, under said warrant and returned to Washington County where he was incarcerated the same day in the common jail of said county; and that the plaintiff was released from said jail on the following day, August 30, 1949, without any trial or bond, the criminal offense against him being abandoned for lack of prosecution after the plaintiff was imprisoned.  The foregoing allegations were admitted by the defendant in his answer.

The petition further alleged, and the following allegations were denied by the defendant in his answer, that at the time in question the plaintiff was 18 years of age and working in Atlanta, Georgia, as a sheet-metal worker, earning 75 cents per hour; that as a result of said affidavit and warrant and imprisonment, the plaintiff lost his job and has since been unable to obtain employment; that said affidavit and warrant were false; that said prosecution was maliciously carried on without any probable cause; and that the conduct of the defendant caused the plaintiff to lose his job, besides bringing him into public scandal, infamy and disgrace, causing him mortification and mental anguish and damaging him in the sum of $5000.

The defendant in his answer, after admitting and denying the portions of the petition as above set out, pleaded as follows: "For plea in his own behalf, this defendant says that the prosecution of the plaintiff was not maliciously carried on and was not done without any probable cause, but that this defendant in prosecuting the plaintiff as hereinbefore admitted, was justified in swearing out the warrant and in causing the arrest of the plaintiff thereby because this defendant did so with probable cause of the guilt of the plaintiff and this defendant did not so prosecute the plaintiff with any malice whatever toward him but with the intention of having justice done to those who had attempted to burglarize his store building in this county on the night as alleged in the warrant and that with the facts before the prosecutors he, the defendant acting as a reasonable man, concluded that the plaintiff was guilty of the offense charged and that this defendant was thereby justified in doing what he did insofar as this plaintiff was concerned, and this defendant says that what he did was done in good faith."

Upon the trial of the case, the plaintiff introduced his own testimony and that of the justice of the peace. At the close of the plaintiff's evidence, the defendant moved for a nonsuit; the trial judge granted the motion, and the plaintiff excepted.

The Code, § 105-1801, provides: "In every case of tort, if the defendant was authorized by law to do the act complained of, he may plead the same as a justification; by such plea he admits the act to be done, and shall be entitled to all the privileges of one holding the affirmative of the issue; but such plea

shall not give to the defendant the right to open and conclude the argument before the jury, unless it shall be filed before the plaintiff submits any evidence to the jury trying the case."

The defendant in his plea and answer admitted the allegations that he made the affidavit charging the plaintiff with attempted burglary; that a warrant for the plaintiff's arrest issued; that the plaintiff was arrested and imprisoned ·under said warrant; and that the plaintiff was released· from jail without trial or bond, the prosecution against him having been abandoned. The plea further sets out that the prosecution of the plaintiff was not maliciously carried on and that the defendant acted with probable cause, believing that the plaintiff was guilty as charged, and acted with the intention of having justice done to those who had attempted to burglarize his store building, such circumstances justifying his conduct insofar as the plaintiff was concerned. This was a plea of justification. *Rigden* v. *Jordan & Stewart,* 81 *Ga.* 668 (7 S. E. 857); *Horton* v. *Pintchunck,* 110 *Ga.* 355 (35 S. E 663); *South Georgia Grocery Co.* v. *Banks,* 52 *Ga. App.* 1, 6 (182 S. E. 61). By such a plea, filed before the introduction of evidence by the plaintiff, the defendant assumed the burden of proving the existence of probable cause and sustaining his plea of justification. *Rigden* v. *Jordan & Stewart,* supra. But the defendant, having admitted a prima facie case for the plaintiff (*Baldwin* v. *Davis,* 188 *Ga.* 587, 590 (3), 4 S. E. 2d, 458; *Central of Ga. Ry. Co.* v. *Morgan,* 110 *Ga.* 168, 35 S. E. 345; *Williams* v. *McCranie,* 27 *Ga. App.* 693, 699, 109 S. E. 699), failed to introduce any evidence at all in support of his plea and answer, and the plaintiff proceeded to introduce evidence .substantially as follows: The defendant told the justice of the peace that he detected somebody at the store trying to break in a window. The defendant said there were three of them there, but he didn't recall anyone's name especially. The plaintiff did not have anything to do with attempting to break in the store, although he remembered the night when the attempt was . made; it was the night of a rain and wind storm. The plaintiff had come home from Atlanta with some of his brothers and cousins, two of whom were tried and convicted for breaking in the store. The plaintiff did not ride around any that night, but stayed at home, and he did not ask three of his brothers and

cousins where they were going when they left home. The plaintiff had lived in the community all his life, as had the defendant, and the plaintiff had often sold the defendant fish at night, sometimes at midnight, in company with his brothers.

It cannot be said as a matter of law that this evidence was such as to defeat the plaintiff's right to recover, where the defendant by his pleading had admitted a prima facie case for the plaintiff, and in these circumstances it was error for the court to grant a nonsuit.

*Judgment reversed. Felton and Worrill, JJ., concur.*