Raiford *vs.* Hyde.

---

AUGUSTUS R. RAIFORD, plaintiff in error, *vs.* JAMES HYDE, defendant in error.

Possessory warrants cannot be sustained when brought against public officers, as Sheriffs and Constables, to recover *possession* of property levied on by them in the course of their official duty.

A person aggrieved by a levy on his property, he not being a defendant in the attachment or execution, has his remedy by a claim or action of trespass against the officer.

Possessory Warrant against Sheriff. Decided by Judge VASON, Chambers, March, 1867.

Raiford, as Sheriff of Sumter County, levied an attachment in favor of Chas. T. Goode *vs.* Thomas V. Hyde, upon certain carpenters' tools.

While he had possession of the tools under that levy, James Hyde sent out a possessory warrant against Raiford, claiming that he was entitled to the possession of said tools.

The warrant was issued and the case tried by Judge VASON. The evidence was a follows:

JAMES HYDE swore that said tools formerly belonged to

Raiford *vs.* Hyde.

the firm of Hyde Brothers, composed of himself and Thomas V. Hyde; that on the 1st March, 1867, said firm was dissolved, and on that day the tools were turned over into his possession as his own; that they were his own; that he had been in the peaceable and legally acquired possession of them till said Raiford took possession of them without his consent; that he and Thomas V. Hyde were both insolvent, and these tools were then the implements of his trade, and were also the tools of himself and brother during said partnership as mechanics.

RAIFORD testified that he levied on the tools on the 8th March, 1867, under said attachment, as the property of Thomas V. Hyde, who had absconded, and held them under and by virtue of that levy. The attachment was admitted to be regular.

The Judge ordered the tools turned over to James Hyde, without requiring any bond to have them forthcoming to answer any judgment, &c., which Raiford might obtain against him for the same.

Plaintiff in error assigns "said order" as error. The Judge certifies that he required no bond, "for the reason that Raiford claimed no title or interest in the property, and only acted as Sheriff, and I held his levy to be a trespass.

C. T. GOODE, N. N. SMITH, (represented by MORGAN,) attorneys for plaintiff in error.

W. A. HAWKINS (represented by N. J. HAMMOND), attorney for defendant in error.

HARRIS, J.

Raiford, a Deputy Sheriff of Sumter County, levied an attachment on carpenters' tools belonging to James Hyde, a person not a party to the proceeding. James Hyde sued out a possessory warrant against this officer, and the question made is, "Is James Hyde entitled to this summary remedy against the officer?"

Upon examining carefully the Act of 1821, we cannot

think that the Legislature ever contemplated that Sheriffs and Constables should be made, as such, in the discharge of their ministerial duties, amenable to this summary proceeding.   To sanction it would be to sacrifice the interests of the public, as the inconvenience which would arise from sustaining the right claimed would be incalculable.   Public policy demands of us an interpretation which will avoid it.   We leave the party injured by the levy on his carpenters' tools to his action of trespass against the officer, or to his claim of the property levied on—put in as directed by statute—or both.   The redress may not be quite so quick, but if he has been damaged it is to be presumed that a jury will award in a proper case as much as he is entitled to.

Judgment affirmed.