## KING vs. FORD.

Where an ordinance of a municipal corporation provided that owners of horses or mules should not permit the same to run at large within the corporate limits of the city, and subjected one violating its terms to fine therefor, if the city marshal impounded a mischievous horse running at large in the street, the owner could not proceed against him by possessory warrant.

(a.) By the common law, cattle wandering about damage feasant might be taken up and impounded.

(b.) If the rights of the owner have been violated, she has a remedy, not only against the marshal, but against the municipality under whose orders he acts; but the remedy is not by possessory warrant.

April 10, 1883.

Possessory Warrant. Actions. Officers. Municipal Corporations. Before Judge FAIN. Whitfield Superior Court. October Term, 1882.

Reported in the decision.

McCUTCHEN & SHUMATE; SETH M. WALKER, for plaintiff in error.

R. J. McCAMY, for defendant.

HALL, Justice.

The defendant in error made affidavit, by her agent, that she was lately in the peaceable, quiet and legally acquired possession of a certain bay mare colt, and that said colt had gone out of her possession without her consent, and had been illegally taken possession of by plaintiff in error, under some pretended claim and without lawful warrant or authority, etc. Upon this complaint, a possessory warrant was issued and served upon the plaintiff in error. On the hearing before the magistrate, he justified himself by showing that, as marshal of the city of Dalton, he took possession of and impounded the colt in question for a violation of the city ordinance, to the effect that no person

.owning horses or mules should permit the same to run at large within the corporate limits of the city, and for a violation thereof the offender should be subject to a fine of one dollar; that the city charter gave power to the mayor and council to enact all ordinances deemed necessary to preserve the peace, health or good order and good government of the city, and to enforce all such ordinances not inconsistent with the laws of this state (§6 charter; acts 1874, pamph. 182). He also proved by several witnesses that the colt was continually running about the streets, to the annoyance of people; that she emptied wagons of their contents, and annoyed other stock hitched to wagons and at horse-racks; and by one of these witnesses that he had seen her kick three horses loose from their fastenings. This showing was not controverted; nevertheless the magistrate awarded possession of the animal to the defendant in error and mulcted the plaintiff in error in cost. This decision was carried by writ of *certiorari* to the superior court, and upon the hearing thereof, that court ordered the *certiorari* to be dismissed, and the plaintiff in error to pay the cost of the proceeding.

This judgment is assigned for error here, and it insisted that, under these circumstances, the defendant in error had mistaken her remedy, if any she had; that a possessory warrant did not lie under the facts; that the mare did not disappear from her possession without her consent, nor was she taken possession of by the other party under some pretended claim and without lawful warrant or authority (Code, §4032); and we think this point well taken. In *Mann vs. Waters*, 30 *Ga.*, 207, 209, Stephens, Judge, who delivered the opinion of the court, said: " Under the statute regulating possessory warrants, there is no question as to the title nor as to the right of possession; the sole question is as to the manner in which the possession has been obtained by the defendant. If it turns out to have been obtained, as in this case, in any of the several ways prohibited by the statute, it must be restored to the person from whom it has been

taken in such improper manner." But does the statute prohibit a public officer, in the enforcement of a law, or city ordinance, from taking possessio n of property, where this is necessary to prevent a violation of the law? Under such circumstances, can it be said with even a semblance of propriety, that he has taken possession under some pretended claim and without lawful warrant or authority? This question has been answered by a decisio n of this court. In *Raiford vs. Hyde*, 36 *Ga.*, 93, 94, Harris, J., says: " Upon examining carefully the act of 1821, we cannot think that the legislature even contemplated that sheriffs and constables should be made, as such, in the discharge of their ministerial duties, amenable to this summary proceeding. To sanction it would be to sacrifice the interests of the public, as the inconvenience which would arise from sustaining the right claimed would be incalculable. Public policy demands of us an interpretation which will avoid it." The constant interference by subordinate magistrates with the execution of municipal ordinances, would so cripple and impede the operations of these governments as to render them powerless to perform the functions with which, for wise and salutary purposes, the legislature has invested them ; and thus believing, we shall offer no incentives to any one to meddle with the exercise of their powers. If they exceed the limits to which they are confined, and act beyond or contrary to their duties as prescribed by their charters, the superior courts will be found ready, in the exercise of their unquestioned jurisdiction, to restrain them, or to award damages for the wrong.

By the common law, cattle wandering about damage feasant might be taken up and impounded, and if the rights of this party have been violated by interrupting the pranks and gambols of this sportive filly, she has h er remedy, not only against this marshal, but against the municipality under whose orders he acts; but her remedy is not that which, as we have seen, has been selected in the

present instance. It is difficult to understand how property in custody by authority of law; state or municipal, can be held only under a pretended claim, and without warrant or authority. This remedy is summary, in derogation of common right and common law, the statute giving it is to be strictly construed and literally pursued, and unless the case falls clearly within its words, it is not applicable.

Judgment reversed.