JOHNSON vs. THE BRADSTREET COMPANY.*

81  425
87   79

Where a plea of justification is made to an action for libel, the defendant is entitled to open and conclude the argument, though it also plead and rely upon the plea of the general issue; and this is true, though the declaration allege special damages.

October 22, 1888.

Libel. Pleadings. Justification. Practice. Before Judge VAN EPPS. City court of Atlanta. March term, 1888.

James Johnson sued the Bradstreet Company for

---

*BLECKLEY, C. J., did not preside in this case, because of sickness.

$5,000, alleging that it is a corporation which keeps on file at its various offices in the United States, or pretends so to keep, and furnishes or pretends to furnish, to all persons who pay therefor, information as to the worth and character of all persons engaged in mercantile pursuits. Also that it had damaged him in the sum of $5,000 by falsely and maliciously uttering and publishing of and concerning him, on the 1st of December, 1884, and at divers other times, the following false and malicious words:

"Johnson, Jas., groc.; given trust deed for $4,600; his habits are not good, and some caution is deemed advisable in extending credit. 12–31–4."

Also the following false, malicious and defamatory words:

"Johnson, Jas., groc., Atlanta, Fulton county, Geo. Call add'l. Has given a deed of his store property to Sam'l W. Goode for consideration of $600. It is thought that this is for borrowed money. His habits are still unimproved, and it is not thought that he can continue long unless he does change; and caution is advised. Dec. 31, 1884."

These words were published in print and writing and furnished to and circulated among many different persons, especially among merchants and others with whom plaintiff had business relations, he being a retail grocer. The words were false and malicious, tended to injure and did injure the reputation of plaintiff as a man and a merchant, and tended to expose and did expose him to public contempt and ridicule.

By amendment, he alleged that the defendant had been stubbornly litigious in regard to the case, and asked for counsel's fees. He further asked that $200 be allowed him as special damages, for that, on account of the matter set forth in the declaration, he was unable to purchase goods as he did formerly, and incurred such special damages in being compelled to raise the

cash before he could buy goods, and to buy from new parties.

In addition to the plea of the general issue, the defendant pleaded "that the plaintiff ought not to have and maintain his action, because the words by said plaintiff charged to have been published of and concerning him by this defendant, were true in fact."

Under the evidence and the court's charge, the jury found for the plaintiff $5,000. A new trial was granted, on motion of the defendant, and plaintiff excepted.

ARNOLD & ARNOLD, T. P. WESTMORELAND and JAMES L. MAYSON, for plaintiff.

CANDLER, THOMSON & CANDLER and N. J. & T. A HAMMOND, for defendant.

BLANDFORD, Justice.

Johnson recovered damages against the Bradstreet Company, on account of a libel which he alleged had been written and published concerning him. The Bradstreet Company moved for a new trial on several grounds, but mainly upon the ground that the court erred in refusing to allow them to open and conclude the case to the jury. They contended that inasmuch as they had pleaded justification, they were entitled to the opening and conclusion. The court granted a new trial, and granted it, we presume, mainly upon this ground; because the other grounds of the motion appear to have nothing in them. The plaintiff excepted to the grant of a new trial, and brought the case to this court for review. He contends that the defendant having pleaded the general issue, and having kept that plea in this case, as well as the plea of justification, he (plaintiff) was therefore entitled to open and conclude to the

jury. We do not agree with the plaintiff in this. It is true that under the Statute of Anne, which allowed contradictory pleas to be pleaded, the courts of England have held, and it has also been held in this country, that where both the general issue and justification are pleaded, the plea of justification does not amount to an admission; and hence the plaintiff does not lose his right to open and conclude. But under our code the law has been changed. It says (code, §3051,) that where justification is pleaded, the defendant " shall be entitled to all the privileges of one holding the affirmative of the issue." And it seems from some of the decisions of this court, notably that in the case of *Ransone vs. Christian,* 49 *Ga.* 491, that it does not make any difference at what stage the plea of justification comes in; the defendant assumes the burden of proving his plea, and if he fails to prove it certain consequences attach to it, and therefore he is entitled to open and conclude the case to the jury. It may appear illogical—it does to my mind —to allow a party to open and conclude to the jury who denies the plaintiff's right of action; but the plea of justification is an admission on the part of defendants that they wrote and published the words as alleged in the declaration. Damages followed from this act. It is true the declaration alleged certain special damages, but that would not make any difference as to the right of the defendant to open and conclude. In the present case, I would remark, the special damages alleged do not appear to us to be recoverable. So while this case has been tried twice, we are reluctantly compelled to affirm the judgment of the court below granting a new trial.

Judgment affirmed.