JOHNSON *v.* PALMOUR & SMITH.

1. On the trial of a claim case, the claimant demanded the right to assume the burden of proof and to open and conclude the argument, but made no offer to admit any particular fact or facts. It appeared that claimant was in possession of a portion of the property levied on, and the defendant in *fi. fa.* was in possession of the remaining portion thereof. *Held*, there was no error in refusing to allow this demand of claimant.
2. The evidence was sufficient to warrant the verdict; and the newly discovered evidence being cumulative, or only tending to discredit a witness, is not cause for a new trial.
   May 8, 1891.

Practice. Claim. Burden of proof. Evidence. Verdict. Before Judge WELLBORN. Hall superior court. July term, 1890.

After the decision in this case as reported in 84 *Ga.* 91, another trial was had, resulting in a verdict finding the property subject. The claimant moved for a new trial on the grounds indicated in the head-notes, and her motion was overruled. The nature of the evidence may be seen by reference to the former report. There was testimony for the plaintiffs that the defendant in execution was very much in debt, was insolvent, and made the deed to the claimant (his sister) for the purpose of holding off his creditors (including the plaintiffs) until he could get his matters into better shape, which purpose was known to the claimant, who ad-

mitted that such was the purpose and said he did not owe her but $100; etc. The claimant testified that the deed was made to secure money her brother had borrowed of her from time to time, that she let him have some money, then refused to let him have more until he made the deed, and then let him have $600, but she could not tell the amounts or times she let him have it, except $30 once, and again enough to make about $100, that she did not know he was in debt when he made the deed, he did not tell her that he was doing it to keep off his creditors, and she never told any one that he made the deed for that purpose nor that he owed her only $100; and there was testimony that she had been seen to have money and had been known to let him have money, and that he had been heard to say that he made the deed to secure her money that he owed her, that she owned the property and had the deed to it, etc. The newly discovered testimony was to the effect that while the defendant in execution held the property under bond for titles from affiant, he stated that he had already borrowed money from his sister, or could do so if he had a deed to the place, and he did get a deed from affiant; also that another affiant was once hired by defendant in execution to dig a well on the premises, and after working for a time, asked for an increase of wages, and the defendant replied that he could not raise them, for that was all his sister would pay, and that the work was being done for her; etc.

J. M. TOWERY, G. H. PRIOR and W. I. PIKE, for plaintiff in error.

H. H. DEAN, contra.

LUMPKIN, Justice.

1. In order to authorize the claimant to demand the right to open and conclude, she should have admitted facts amounting to a prima facie case for the plaintiff in fi. fa. This she did not offer to do. She could not ad-

mit that defendant in *fi. fa.* was in possession of the property, because, in fact, she herself was in possession of a portion of it; and, therefore, even had she attempted to make this admission, simply to obtain the right to open and conclude, the court should not have allowed it for this purpose. See *Royce & Co. et al.* v. *Gazan,* 76 *Ga.* 79. In view of the facts stated, we can see no error in the court's refusal to allow the demand made by the claimant.

2. The remaining points made by the motion for a new trial are disposed of in the second head-note.

*Judgment affirmed.*