### HOWELL *v.* SIMPSON GROCERY COMPANY.

SIMMONS, C. J.  1. An affidavit in forma pauperis, made in another State, for the purpose of bringing a case to this court without the payment of costs, is insufficient unless there is something to show the official character of the person before whom the oath was taken. *Ballew v. Broach*, 121 *Ga.*, 421, and cit. The fact that the seal of a probate court is affixed to the affidavit is not sufficient to show that the person attesting the affidavit was an officer of that court or that he was a person authorized to administer an oath.

2. In the trial of a claim case in which the plaintiff in fi. fa. undertook to show that the defendant in fi. fa. had been in possession of the property at the time of levy, it was error to allow a witness to testify, over the objection of the claimant, that it was his understanding that the defendant was in possession, and that defendant "seemed" to be in possession. These were conclusions of the witness, and he should have been made to give the facts within his knowledge, in order that the court might determine whether such facts showed that defendant was in possession.

3. Where the levying officer does not state in his return who was in possession of the property levied on, the burden rests upon the plaintiff in fi. fa., in case a claim is filed by a third person, to make out at least a prima facie case of possession in the defendant at the time of the judgment or of the levy. Excluding from consideration the evidence which was illegally admitted, the only evidence of such possession in the present case was that the levying officer found the property in a livery stable belonging to one not a party to the litigation, and that the defendant in fi. fa. was in or about the stable. This was not sufficient to make out a prima facie case of possession or to cast the onus upon the claimant

*Judgment reversed. All the Justices concur.*

Submitted November 17,— Decided December 12, 1904.

Levy and claim. Before Judge Hamilton. City court of Floyd county. March 19, 1904.

*George A. H. Harris & Son*, for plaintiff in error.
*Lipscomb & Willingham* and *C. E. Carpenter*, contra.