*Hendricks, Smith & Christian,* for plaintiff.

*Buie & Knight,* for defendant.

---

## GRAY *v.* JOINER.

1. The petition, though inartificially drawn, and containing language which would be appropriate to an action for the malicious use of process, was really, when considered as a whole, a petition in an action of trespass for taking personal property.

(*a*) An action for the malicious use of process can not be maintained where the alleged process is void on its face.

(*b*) The instructions of the judge submitted to the jury issues which were appropriate to an action for malicious use of process, and not those which were appropriate to an action of trespass; and the error thus committed requires a reversal of the judgment.

2. The plea filed by the defendant was not subject to any of the objections urged against it.

Submitted July 18, 1906.—Decided February 14, 1907.

Complaint. Before Judge Mitchell. Berrien superior court. January 18, 1906.

Gray brought suit against Joiner, alleging, that he was a tenant of the defendant for the year 1901; that on December 1 in that year the defendant sued out a landlord's lien, before a justice of the peace, for $145, and "had the same levied" by the bailiff of the justice's court on the property of plaintiff; that it was sued out maliciously and without probable cause; that by reason of such conduct on the part of the defendant, plaintiff has sustained damages in a sum named, which appears by reference to a bill of particulars attached to the petition. It is also alleged that the defendant and the justice of the peace who issued the execution knew that the process was illegal, and, notwithstanding, colluded and conspired together to take from him and his children the product of their labor; that plaintiff was deprived of the possession of his property, and that the papers were never returned to any court having jurisdiction to hear and dispose of the matter, and in fact no action was taken in the matter until 1903, when, upon the papers being returned to court, they were promptly dismissed. It is alleged that the property taken from him was a crop of cotton, corn, pindars, peas, etc., and in the act of taking them the defendant entered his premises, broke his locks, tore down the bars to his gates, and seized and carried away the cotton and corn; that he tendered bond to the levying officer and to the justice of the peace, which they refused to accept. Damages are alleged, in a named sum, and process is prayed. There was no demurrer to the petition. The defendant filed an answer, in which he denied that the process was sued out maliciously, or without probable cause, or for the purpose of injuring and damaging the plaintiff, and averred that his only object was to collect the debt due by the plaintiff to him, and that if the process was illegal he did not know it, and re-

35

lied upon the justice of the peace, who he supposed, was informed as to the matter. He denied the various items of damage alleged. He denied that he took away the peas and pindars of plaintiff, or that he broke locks or tore down gates. He admitted taking the corn, but alleged that it was returned to the plaintiff under a bond. He admitted taking the cotton, but averred that by express direction and consent of the plaintiff it was sold for his benefit. The concluding paragraph alleges that after deducting all credits that the plaintiff is entitled to, he is still indebted to the defendant in the sum of $95.43 for supplies and necessaries, according to a bill of particulars attached. This bill of particulars consists of numerous and various items, with the prices charged opposite the same, headed "1901," but no day or month precedes any item. By an amendment it was alleged that the articles mentioned in the exhibit to the original plea were furnished to the plaintiff as a cropper while on the land of defendant, and that after the account was made it was submitted to the plaintiff and admitted by him to be true and correct; and it is also alleged that the plaintiff is insolvent, and there is a prayer that the amount set forth in the item be allowed as a set-off. The case proceeded to trial and resulted in a verdict for the defendant, for $17.37. The plaintiff filed a motion for a new trial, containing the general grounds and various special grounds. The motion was overruled, and the plaintiff excepted.

*Hendricks, Smith & Christian,* for plaintiff.

*W. H. Griffin,* for defendant.

COBB, P. J. (After stating the facts.) 1. There was in the petition language which was appropriate to an action for malicious use of civil process, and it may have been in the mind of the pleader to bring an action of this nature. It appears, from the allegations of the petition, that the process against the plaintiff, which is the foundation of this complaint against the defendant, was an execution issued by a justice of the peace upon the foreclosure of a landlord's lien for an amount exceeding $100. The justice of the peace was without jurisdiction to entertain the application for foreclosure, or to issue execution thereon. Civil Code, §2816 (3). The process was therefore void, and could not be made the foundation for a suit for the malicious use of process. *Berger* v. *Saul,* 113 *Ga.* 869, and cit. There are allegations in the petition, however, which (treating the process as void) would render the de-

fendant liable as a trespasser; and therefore the suit must be treated as a petition in an action of trespass. *Fulton Grocery Co. v. Maddox,* 111 *Ga.* 260, and cit. The motion for a new trial contains an assignment of error upon an instruction of the judge in which the jury are, in effect, told that if there was probable cause for suing out the execution, and the defendant acted in good faith in so doing, and made no false representation to the officer, and the officer issued the papers for the defendant, and there was no collusion between the officer and the defendant to bring any illegal action, the defendant would not be liable for vindictive damages; but if the defendant colluded with the officer, and there was no probable cause, and defendant's purpose was to take advantage of the plaintiff and deprive him of his property without due process of law, then it was for them to say how much he was damaged. The judge, in effect, told the jury that if there was probable cause for suing out the execution, and it was not done with a malicious intent, the plaintiff would not be entitled to recover. Our brother of the circuit bench seems to have misapprehended the true legal import of the petition. The averments of the petition are so inapt to the real cause of action contained therein, it is a matter of no surprise that the judge in the hurry of a nisi prius trial, should have been misled thereby. The instructions of the judge were upon the theory that the suit was for malicious use of process. Treating the petition as one in an action of trespass, the question of probable cause or malice should not have been submitted to the jury. The only questions were, was the property seized by the defendant the property of the plaintiff, and was this seizure without authority of law? If so, the plaintiff was entitled to recover general damages and any special damages which flowed directly from the wrongful act. Neither malice nor probable cause was involved in the case. The assignment of error upon the judge's charge was that if the process was illegal and the plaintiff's property was seized thereunder, he would have a right to recover, and the suing out would not have to be wanton and malicious; and also that when one does an illegal act he is chargeable, under the law, with the consequences of his act. We think the assignment of error upon this point is well taken; and this requires a reversal of the judgment.

2. There was no error in allowing the amendment to the defendant's original plea, or in refusing to strike the plea as amended.

It appeared, from the allegations of the plea, that the account attached to the plea had been submitted to the plaintiff and agreed to by him as correct as to items and amount, and the fact that no day or month preceded each item would not, under such circumstances, be a sufficient reason for striking the plea. Insolvency is a sufficient reason for allowing an equitable plea of set-off praying that damages arising ex contractu be set off against damages arising ex delicto.

As the case is to be tried again, we will now refer to some matters, in the various assignments of error, which may arise on another trial. There was no error in admitting in evidence the book of accounts offered by the defendant, or in allowing his son to testify as to the credits which he placed thereon at his father's direction, there being evidence that there was an agreement between the plaintiff and the defendant that the son should keep a memorandum of the transactions between them. The conversation between the witness and the justice, in reference to what the justice said as to the conduct of the defendant, was properly excluded, for the reason that the defendant was not present, and such evidence was merely hearsay. The evidence offered to show that the plaintiff had always paid his debts, as well as that offered to show that in the winter following the wrongful conduct complained of on the part of the defendant, the plaintiff's children had to go through the winter without shoes and without clothing, was properly excluded as being irrelevant. No error was committed in refusing to allow the plaintiff to testify that the bond which he had offered at the time his property was seized was a valid bond. The validity of the bond was a question of law, and not of fact. The plaintiff should have been allowed to testify as to the property taken away by the defendant, but the court was right in refusing to allow him to testify as to the contents of the paper under which the property was seized. The fact that the defendant took away certain property could be proved by the testimony of the plaintiff, if he knew the fact that the defendant took it, and what was taken. As to what property was embraced in an entry which purported to be a levy, of course the entry itself was the highest evidence.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*