## 24046. WEATHERBY *v.* GENTRY.

STEPHENS, J. 1. A possessory warrant does not lie to recover personalty which is in the lawful possession of the defendant. *King* v. *Ford,* 70 *Ga.* 628; *Trotti* v. *Wyly & Greene,* 77 *Ga.* 684; *Dew* v. *Smith,* 130 *Ga.* 564 (4) (61 S. E. 232).

2. Where in a stock-law district, which is a district in which the owner of stock is required to keep it up and not permit it to run at large, the stock escapes and strays upon land of another, the latter may impound the stock as provided in section 2034 of the Civil Code of 1910, and, on notifying the owner, if known, within twenty-four hours, may hold possession of the stock until it is lawfully replevied. Under such circumstances the owner of the stock can not recover it by possessory warrant.

3. Where a mule owned by two persons, and which by an agreement between the owners is in the possession of one of them, escapes and trespasses upon the land of the other person, the latter person acquires lawful possession of the mule by impounding him for a trespass under section 2034 of the Civil Code of 1910, and the other person can not recover the mule by possessory warrant.

4. It is not necessary that it appear upon the trial under the possessory warrant that the mule had, in going upon the defendant's land, committed actual damage. It is sufficient that it appear that the defendant had impounded the mule as provided in section 2034 of the Civil Code of 1910.

5. Upon an application of the above rulings, it appearing, under the uncontradicted evidence, that the plaintiff was not entitled to recover the mule by possessory warrant, the judgment of the magistrate finding for the plaintiff was without evidence to support it, and the superior court erred in not sustaining the defendant's certiorari.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 20, 1935.

*Price Edwards,* for plaintiff in error.
*D. B. Howe, Waller Matthews,* contra.