MILLER *et al. v.* CLERMONT BANKING COMPANY.

No. 10437. APRIL 11, 1935.

*Oliver & Oliver* and *G. Fred Kelley*, for plaintiffs in error.

*B. Frank Whelchel* and *Joseph G. Collins*, contra.

HUTCHESON, Justice.   The Clermont Banking Company obtained a judgment against T. C. Miller.   Execution was issued and levied upon two tracts of land in Hall County as property of T. C. Miller. To this land the children of T. C. Miller filed their claim, on which issue was joined.   The claim was based upon a deed from T. C. Miller to Mrs. Malinda Miller, his wife, dated April 10, 1923, with remainder interest to the claimants.   This deed was recorded after the death of Mrs. Miller on March 23, 1932.   The Clermont Banking Company introduced and relied on two security deeds made to

it by T. C. Miller, one dated February 20, 1931, and one dated June 26, 1930, both recorded before the claimants' deed was recorded. The claimants contended that the bank had actual knowledge of their deed, even though it was recorded later; and that the deed under which they claim was witnessed by W. V. Grant, who was cashier of said bank, and that through him the bank had actual notice.

Before the jury was stricken, the claimants insisted that they had the burden of proof and were entitled to the first strike and to the opening and concluding argument, "because the levy failed to show who was in possession of the land levied on." This was overruled by the court. The trial resulted in a verdict in favor of the plaintiff in fi. fa. The claimants excepted to the refusal of a new trial.

■ The motion for new trial assigns error upon the refusal of the court to grant to the claimants the opening and concluding argument. The ruling upon this motion was as follows: "This case was called, and both sides announced ready, and the list of the jury furnished counsel for plaintiff in fi. fa. and counsel for claimants. The counsel for both sides were ready to strike the jury. The judge was leaving the court-room temporarily, when he was called back and informed that a controversy had arisen as to whether the plaintiff in fi. fa. or the claimants had the first strike. The court sought to ascertain what the levy showed; the levy failed to show whether the claimants or the defendant in fi. fa. were in possession, and the court ruled that the plaintiff in fi. fa. had the first strike. It was contended by the plaintiff in fi. fa. that it had the burden of proof. The claimants contended that they had the burden of proof. The court ruled that the plaintiff in fi. fa. had the burden of proof. The striking of the jury then proceeded, and the plaintiff in fi. fa. took the first strike. The court therefore ruled that the plaintiff in fi. fa. had the opening and conclusion of the argument." The Code of 1910, § 5170, provides: "Upon the trial of all claims provided for in this chapter, the burden of proof shall lie upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution." Again, we find the following ruling: "On the trial of a claim case the claimant demanded the right to assume the burden of proof and to open and conclude the argu-

ment, but made no offer to admit any particular fact or facts. It appeared that claimant was in possession of a portion of the property levied on, and the defendant in fi. fa. was in possession of the remaining portion thereof. *Held,* there was no error in refusing to allow this demand of claimant." *Johnson* v. *Palmour,* 87 *Ga.* 244 (13 S. E. 637). See also *Howell* v. *Simpson Grocery Co.,* 121 *Ga.* 461 (3) (49 S. E. 299). There was no error in the ruling of the judge as above shown.

■ The claimants excepted to the ruling admitting, over objection, the following testimony of T. C. Miller: "This is the proceedings I filed in bankruptcy on October 20, 1932. The only property I had then was household goods and other personal property, valued at $280, and that is all the property I considered I had at that time. My attorney fixed that up for me." Objection was also made to the admission in evidence of the bankruptcy petition and other papers. The judge ruled that the claimants derived title to this land as remaindermen in the deed executed by T. C. Miller to his wife, and therefore the objection was overruled. In *King* v. *Poole,* 61 *Ga.* 373 it was held: "In running down an alleged fraud between husband and wife, the husband's insolvency at the time of his death, some four years after making a voluntary conveyance to his wife, is not irrelevant." It will be noted in the instant case that the deed to the wife was made nine years before the bankruptcy proceeding of the husband. "The evidence must relate to the questions being tried by the jury, and bear upon them, either directly or indirectly. Irrelevant matter should be excluded." Code of 1910, § 5744. Under the facts in the instant case the evidence could not be classed as immaterial or irrelevant, and there was no error in receiving it.

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

BECK, P. J., concurs in the result.