BALDWIN *et al.* v. DAVIS.

588

No. 12901.  September 12, 1939.

*T. T. Molnar* and *R. R. Jones,* for plaintiffs in error.
*George H. Perry* and *Joe M. Ray,* contra.

JENKINS, Justice. ■ (*a*) "Strictly speaking, the term 'malicious prosecution' is applicable only to the carrying on of a criminal case. In this sense only is it used in our Code [chapter 105-8]. When damages are sought for the malicious carrying on of a civil suit, the cause of action is . . for the malicious use of process. . . However, the essential elements in a cause of action for the malicious prosecution of a criminal case and the malicious use of process in a civil suit are the same." *Woodley* v. *Coker,* 119 *Ga.* 226, 228 (46 S. E. 89), and cit.; *Porter* v. *Johnson,* 96 *Ga.* 145, 146 (23 S. E. 123).

(*b*) Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause. In a suit for damages growing out of such malicious use of process, it must appear that the previous litigation has been finally terminated against the plaintiff therein. *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276, 281 (62 S. E. 222); *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131); *McElreath* v. *Gross,* 23 *Ga. App.* 287 (98 S. E. 190).

(*c*) Malicious abuse of legal process is where a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which such a process is not intended by law to effect. In a suit for damages growing out of such a perversion of

the court's process, it is·not necessary to show that the former litigation was without probable cause, or that it terminated prior to the institution of the suit for damages. / *Brantley* v. *Rhodes-Haverty Furniture Co.*, and other citations in preceding paragraph.

(*d*)   There is, however, "a clear distinction between a wrongful seizure of the property of a person under a process against him, and the seizure of the property of a person against whom no process was·ever issued." / *Fulton Grocery Co.* v. *Maddox*, 111 *Ga.* 260, 265 (36 S. E. 647). / Accordingly, a person not a party to the process, whose property has been levied on thereunder, has his remedy by an action for damages on account of the trespass against those who caused or made the levy, independently of the technical rules applicable to malicious use or abuse of legal process; and in such a case, even though the process has been used to execute the ·object which the law intended for such process to subserve, but is alleged to have been malicious and without probable cause, it is not necessary to show that the levy proceeding has been terminated adversely to the defendant before the institution of the suit for the trespass. / *McDougald* v. *Dougherty*, 12 *Ga.* 613, 614; *Wallace* v. *Holly*, 13 *Ga.* 389 (58 Am. D. 518); *Raiford* v. *Hyde*, 36 *Ga.* 93, 95; *Farmers & Traders National Bank* v. *Allen-Holmes Co.*, 122 *Ga.* 67 (49 S. E. 816); *Baker* v.·*Boozer*, 58 *Ga.* 195 (2), 196; *Bodega*·v. *Perkerson*, 60 *Ga.* 516 (2), 519; *Holton* v. *Taylor*, 80 *Ga.* 508, 511 (6 S. E. 15).

(*e*)   Even though a petition for damages may contain language which would be appropriate to an action for malicious use of process, it will not be dismissed as prematurely instituted, where the ‑petition, when considered as a·whole, can properly be construed as an action for damages on account of trespass.   *Gray* v. *Joiner*, 127 *Ga.* 544 (56 S. E. 752); *Moore* v. *Standard Accident Insurance Co.*, 48 *Ga. App.* 508 (2), 512 (173 S. E. 481), and cit.

In accordance with the foregoing rulings, the petition set forth a cause of action for damages on account of a trespass by an unlawful levy, and as to such relief was not subject to the general or special demurrer.   The petition also prayed for injunction against a sale of the property and other and general equitable relief. The court granted a restraining order, which, so far as the record indicates, remains of force.   The verdict in, favor of the plaintiff was merely for general damages, punitive damages, and attorney's

fees. The judgment, in addition to awarding these amounts, decreed that the title to the property in question was in the plaintiff. The defendants moved for a new trial from the verdict for damages, but filed no exceptions to the grant of this equitable relief. While they filed exceptions pendente lite to the overruling of their demurrer to the petition on all grounds, and assigned error thereon and on the final judgment refusing a new trial, no error is assigned on any order granting equitable relief. Accordingly, this court will not determine as to whether the averments of the petition relating to injunctive and other equitable relief were subject to demurrer on the grounds that they stated no equitable cause of action, and showed that the plaintiff had an adequate and complete remedy at law by filing a claim with a bond.

■ In order for a defendant in a tort action to be entitled to open and conclude the argument by virtue of a plea of justification, under the Code, § 105-1801, he must in his pleading have admitted enough to make out a prima facie case for the plaintiff, "and such admission must be made, and the right to open and conclude asserted, before the plaintiff submits any evidence in the case." *Central of Ga. Ry. Co. v. Morgan,* 110 *Ga.* 168, 170 (35 S. E. 345); *Brunswick & Western R. Co. v. Wiggins,* 113 *Ga.* 842 (2) (39 S. E. 551, 61 L. R. A. 613); *Williams v. McCranie,* 27 *Ga. App.* 693, 696 (109 S. E. 699). Where the commission of the prima facie tort is thus fully admitted as alleged, but facts are pleaded which would constitute a justification, the defendant is entitled to the opening and conclusion, since, in the absence of exculpatory proof, damages would follow the commission of the admitted prima facie tort (Code, § 105-2006), and the amount would be left to the jury, even though "the plaintiff, in reply to the defendant's testimony may show aggravating circumstances in order to increase the damages, and, when alleged, any special damage which is recoverable in the case." *Rigden v. Jordan,* 81 *Ga.* 668 (2, a, b) (7 S. E. 857); *Horton v. Pintchunck,* 110 *Ga.* 355 (2), 358 (35 S. E. 663); *Johnson v. Bradstreet Co.,* 81 *Ga.* 425 (7 S. E. 867). But where, as in this suit for a trespass on account of an unlawful levy on personalty, the plea of justification admits only that the alleged levy was made, without admitting that the property belonged to the plaintiff claimant, or was in her possession at the time of the levy, and no claim was filed, and the entry of levy did not show in whose

possession the property was found, and the plea of justification is that the property belonged to the defendant in fi. fa., the defendant in the suit for damages (plaintiff in execution) would not be entitled to the opening and conclusion, since the plea fails to admit a prima facie tort, such as would authorize the recovery of any damages. See, as to the rule where a claim has been filed, Code, § 39-904; *Miller* v. *Clermont Banking Co.*, 180 *Ga.* 556 (179 S. E. 718); *Howell* v. *Simpson Grocery Co.*, 121 *Ga.* 461 (3) (49 S. E. 299).

■ No prejudicial error appears from the admission in evidence for the plaintiff of uncertified copies of income-tax returns made by her, offered to show that according thereto the property in question belonged to her, since oral testimony by the plaintiff as to their essential contents was admitted without objection.

■ The court did not err in charging to the jury paragraph 4 in section 74-108 of the Code, as to the father's loss of his right to the proceeds of his child's labor by consent to the child's receiving such proceeds, in connection with the language of the section, that until majority the father is entitled to the services and the proceeds of the labor, upon the exception that there was no evidence as to such a consent by the father. Although there was no evidence of express consent, there was testimony that the plaintiff had used the proceeds of her labor, earned during her minority, in opening the business in question, which would have authorized a finding of implied consent by the father, and this was sufficient. *Wolf* v. *East Tenn. &c. Ry. Co.*, 88 *Ga.* 210 (2) (14 S. E. 199); *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599 (2), 602 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507).

■ Whether or not the term "general damages" as used in the Code, § 105-2006, defining "general damages" and "special damages" in tort cases, includes "actual damages," or whether or not the term "special damages" as there defined is identical with and constitutes the only "actual damages," there could have been no harmful error in the charge that the plaintiff is suing for *"actual damages* and for punitive damages and for attorney's fees," under the exception that there was no averment or evidence relating to "actual damages" in the sense of "special damages" as contended, since the petition sought general damages, punitive damages, and attorney's fees, and the verdict awarded only "general damages," "punitive damages," and "attorney's fees."

592

■ There was no harmful error in charging to the jury the language of the Code, § 105-808, that "the recovery shall not be confined to actual damages, . . but shall be regulated by the circumstances of the case," although that section relates to cases of malicious prosecution, since the rule as there generally stated is substantially similar to that of the Code, § 105-2002, relating to exemplary damages in cases of aggravating circumstances, which was applicable to this case of alleged malicious trespass, and which the judge also charged.

■ After charging the law as to general and special damages as defined by the Code, § 105-2006, the court gave the following instruction: "I charge you section 105-2002 of the Civil Code of Georgia of 1933, to wit: In every tort there may be aggravating circumstances, either in the act or in the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff. I charge you section 105-2003 of the Civil Code of Georgia, as follows: In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldy circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." The jury having been recalled at their request for a recharge to explain "punitive damages," the court merely repeated this instruction. Exception was taken on the grounds that the charge of both of these sections "permitted and instructed the jury [to] find double damages for the same thing;" and that there was no allegation or evidence which authorized a charge of § 105-2003, and no evidence as to the "worldly circumstances" of the parties. A plaintiff is not entitled under these Code sections to "a double finding of damages for wounded feelings." *So. Ry. Co.* v. *Jordan,* 129 *Ga.* 665 (2), 667 (59 S. E. 802); *Ga. Ry. & Electric Co.* v. *Davis,* 6 *Ga. App.* 645 (2), 647 (65 S. E. 785). Nor can the jury "assess damages for the double purpose of punishment and prevention," or "damages for . . humiliation and mortification, . . and also damages to punish and deter . . from repeating the trespass or wrong." *Johnson* v. *Morris,* 158 *Ga.* 403, 405 (123 S. E. 707).

While the principle of § 105-2003, "except as to considering the

worldly circumstances of the parties, is applicable both as to the measure of damages on account of wounded feelings, and the weighing of all the attendant facts, including the presence or absence of bad faith," and while "in estimating damages for injury to the feelings, whether the entire injury or only a part of it consists of that element, no measure of damages can be prescribed except the enlightened conscience of impartial jurors," a charge of § 105-2003, with its reference to "worldly circumstances," except in a case where the entire injury is to the peace, happiness, or feelings of the plaintiff, is erroneous. *Atlanta Consolidated Street Ry. Co.* v. *Hardage,* 93 *Ga.* 457 (3), 459 (21 S. E. 100); *Georgia Railroad* v. *Homer,* 73 *Ga.* 251, 256; *Smith* v. *Williams,* 117 *Ga.* 782 (2), 785 (45 S. E. 394, 97 Am. St. R. 220); *Central of Ga. Ry. Co.* v. *Almand,* 116 *Ga.* 780 (2), 783 (43 S. E. 67); *So. Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (2, a), 286 (71 S. E. 414); *Stovall* v. *Caverly,* 139 *Ga.* 243 (4), 246 (77 S. E. 29); *Franklin* v. *Evans,* 55 *Ga. App.* 177 (189 S. E. 722). Under these rules, it was error to charge the language of both Code sections, as stated, so as to permit a double recovery, and to charge in the language of the Code, § 105-2003 relating to the "worldly circumstances" of the parties.

■ Exception is taken to the failure to give in charge the law governing the recovery of attorney's fees; the only instruction being that if the jury found "in favor of counsel fees," they should add such a finding to their verdict, as they did. As the claim of attorney's fees on account of the alleged bad faith and malice of the defendants, with the denials of the defendants, constituted one of the essential issues in the case, the court should have charged, without a request, the law on the subject embodied in the Code, § 20-1404. Since, however, the judgment refusing a new trial must be reversed because of the erroneous instruction referred to in the preceding paragraph, it is unnecessary to decide whether the failure to charge as to counsel fees was rendered harmless by the fact that the jury in returning a verdict for punitive damages necessarily found that the element of bad faith existed, which authorized a recovery of such fees as well as such damages.

In view of the reversal on a special ground, the general grounds are not considered.

*Judgment reversed. All the Justices concur.*