## 38481. JOHNSON v. KINARD.

DECIDED NOVEMBER 28, 1960—REHEARING DENIED
DECEMBER 12, 1960.

*Eugene Cook*, Attorney-General, *Ben F. Johnson, Louis F. McDonald*, Deputy Assistant Attorneys-General, for plaintiff in error.

*Nicholson & Fleming, William M. Fleming, Jr., Harris, Chance, McCracken & Harrison, Roy V. Harris*, contra.

FELTON, Chief Judge. ■ A possessory warrant will not lie to recover property seized by a public officer in performance of his duties. *Raiford v. Hyde*, 36 Ga. 93; *King v. Ford*, 70 Ga. 628.

■ In order to prevail in the trial court in this case it was incumbent on the defendant in error to prove that the personal property was taken and carried away as alleged in the affidavit and that the whisky had been in the peaceable and legally acquired possession of the defendant in error. The plaintiff's evidence failed in both respects. There is no presumption of law that the possession of more than two quarts of tax-paid whisky in a wet county is legal. Such possession can be proved to be legal by evidence showing that the amount of whisky possessed was purchased at the rate of two quarts a day or that the possessor of such liquor was licensed by the State Revenue Department or was an agent of one holding a license. Ga. L. 1937-38, Ex. Sess., pp. 103, 124 (*Code Ann.* § 58-1080) provides: "Any retail licensee wilfully and knowingly selling more than two quarts per day to any purchaser shall be guilty of a misdemeanor and shall be punished as for a misdemeanor, and in addition thereto shall be subject to the other penalties coming under the jurisdiction of the Revenue Commissioner, such as

suspension and revocation of license and forfeiture of bond." Ga. L. 1937-38, Ex. Sess., pp. 103, 119 (*Code Ann.* § 58-1065) provides in part: "The authority to seize as contraband distilled spirits and alcohol, as set out herein, shall extend to counties where the sale and possession of the same is made legal by this Act . . . where such liquors, distilled spirits or alcohol are sold contrary to the provisions hereof." Under the scheme of these acts the State Revenue Commissioner licenses managers, wholesalers and retailers. According to the acts already referred to in *Code Ann.* §§ 58-1024, 58-1025 and 58-1026, manufacturers can sell to wholesalers only in sealed containers and licensed wholesalers can only sell to other licensed wholesalers and licensed retailers, and licensed retailers cannot legally make a sale of more than two quarts on any one day to any one unlicensed. Ga. L. 1937-38, Ex. Sess., supra; *Code Ann.* §§ 58-1024, 58-1025, 58-1080. Since the defendant in error did not prove that he came into legal and peaceable possession of the whisky by purchasing not more than two quarts a day and did not prove that he or his principal was licensed by the State Revenue Department authorizing him to possess more than two quarts of whisky in a wet county, he failed to carry the burden of proof required by *Code* § 82-101. It is immaterial that the only penalty against the illegal possession of tax-paid whisky in a wet county is that the law makes the whisky contraband and subject to confiscation.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Carlisle, Bell and Frankum, JJ., concur. Townsend, P. J., and Nichols, J., dissent. Jordan, J., did not participate because the case was actually decided before he took office.*

NICHOLS, Judge, dissenting. ■ Assuming that a possessory warrant will not lie to recover property seized by a public officer in performance of his duties, as is held in the majority opinion, in the absence, as in this case, of any warrant, fi. fa., or other legal authority, there being no evidence of the claimant here having committed a crime in the presence of the seizing officers by purchasing the seized whisky in quantities prohibited by law, the possessory warrant, in the opinion of the writer would

lie. However, it must be pointed out that the two cases cited in the majority opinion as authority for such holding are cases wherein the seizing officer was acting under authority of a warrant in one instance and in the second case a runaway colt was impounded while running at large in violation of a city ordinance.

■ I cannot agree with the second division of the majority opinion for the reason that it was undisputed that the personal property seized was taken and carried away as alleged in the affidavit, and the sole question remaining was whether the property was in the peaceable possession of the claimant at the time it was taken, there being no question of title involved. *Code Ann.* § 82-202. While the act regulating the sale and distribution of alcoholic beverages forbids the sale at retail of more than two quarts per day per person, and declares any whisky sold in violation thereof to be contraband, nevertheless it does not prohibit the possession of more than two quarts of tax-paid whisky at any given time within a wet county. Therefore there is no presumption, merely because of the possession of more than two quarts of tax-paid whisky at any given time within a wet county, that such possession was illegally acquired. Contrarily to what is held in the majority opinion that "There is no presumption of law that the possession of more than two quarts of tax paid whisky in a wet county is legal," it is the opinion of the writer that when the possession of any personal property is or can be legal, a presumption, and a very strong presumption arises, that such possession was legally acquired. The Constitution itself provides that a man is innocent until proved guilty, and while it is true that many rights reserved to the people under this document have been gradually but surely taken away, I am not in favor of further destruction of the sacred rights of free men.

While the evidence in this case might not have demanded the finding reached by the trial judge, without the intervention of a jury, certainly there was sufficient evidence to authorize such judgment. I am authorized to say that Judge Townsend concurs in this dissent.