GREGORY vs. CLARK.

1. Where, in a case pending on the common law side of the superior court, proceedings were taken before a magistrate to have garnishments issued, a bond being given and garnishments issued and served, such magistrate had authority subsequently to require a sufficient bond, if an insufficient one had been taken in the first instance; and if, in his discretion, he should require additional security or a new bond to be given within the time prescribed by him, in default thereof he could order the garnishment dismissed.

2. If the magistrate erred in his judgment in a proceeding to require the strengthening of an attachment or garnishment bond taken by him, the proper mode of correcting such error is by *certiorari*, and an appeal will not lie.

(*a.*) If, in such a case, an appeal be entered, the appellant is estopped by his acts from complaining, on the ground that an appeal will not lie.

(*b.*) Directions given that the appeal be dismissed and the order of the justice, requiring the bond to be strengthened, affirmed.

October 21, 1884.

Garnishment. Attachment. Bonds. Appeal. *Certiorari*. Practice in Supreme Court. Before Judge WILLIS. Muscogee Superior Court. May Term, 1884.

To the report contained in the decision, it is only necessary to add the following: The garnishments in this case were served by a constable, and the bond, with the entries of service thereon, was returned to the superior court, where the main case was pending, on January 24, 1884. When the motion to require the bond to be strengthened was first made does not appear, but the first motion was dismissed for want of prosecution, and another motion for that purpose was filed with the magistrate on February 21, 1884, which was granted, and an appeal was entered. On the trial, all questions of law and fact being, by agreement, submitted to the presiding judge without a jury, he heard testimony, and ordered the bond to be strengthened. Respondent in the motion (plaintiff in the suit) excepted.

HATCHER & PEABODY, for plaintiff in error.

A. A. DOZIER ; PEABODY & BRANNON, for defendant.

HALL, Justice.

Gregory brought suit against Clark, returnable to the superior court of Muscogee county, for libel, in which he laid his damages at $10,000. Pending this suit, garnishments were sued out at the instance of the plaintiff. The garnishment proceedings were had before Wooten, a justice of the peace for that county. Summonses were issued, and served by the bailiff. The defendant in the suit, deeming the plaintiff's security on the garnishment bond insufficient, appealed to the justice to have additional security given. Upon this application, that magistrate ordered that further security be given, and from this order the plaintiff appealed to the superior court. When the matter was heard in that court, it was admitted that the securities on the garnishment bond were insolvent, and that plaintiff knew the fact. The judge ordered that other and sufficient security be given within twenty days, and that, in default thereof, the garnishment be dismissed. In the meantime, one of the garnishees had answered the summons, and admitted an indebtedness to defendant of more than four thousand dollars. This writ of error is brought to reverse the judgment of the superior court, upon the motion to strengthen the garnishment bond.

1. The plaintiff insists that the magistrate had no authority to act in the matter; neither had the judge of the superior court authority so to act upon the appeal taken from the magistrate's order. He admits, however, that, had the garnishment issued from an attachment, the magistrate issuing it would have this power, but he contends that, inasmuch as the suit upon which the garnishment issued was returned to and pending in the superior court, that tribunal had jurisdiction to act in the premises, and if it had taken

jurisdiction to order the strengthening of the bond, independent of the action of the magistrate, the proceeding would have been regular.

We do not think so. Our opinion is that the magistrate had jurisdiction; that no appeal could be taken from his judgment; that, if there was error in it, a *certiorari* to correct that error was the proper remedy; and that in no other mode could the superior court get jurisdiction.

The only question made for our determination is, whether the magistrate, before whom the garnishment proceedings were taken, has authority to require a sufficient bond, when an insufficient one has been taken in the first instance, in a case pending on the common law side of the superior court. That he has this authority, where the garnishment issues from an attachment taken out before him, although the attachment be made returnable to the superior court, was not, as, indeed, it could not be, questioned, under the express provisions of law. Code, §3271, which is taken literally from the second section of the act of 1873, p. 29. While it is true that this section does not refer in terms to anything but levies under attachment and the insufficiency of bonds taken when the attachment issued, yet it is quite as true that the first section of the act from which it is taken provides that no attorney of the plaintiff or nonresident of the state, except, etc., shall be taken as security on any " attachment or garnishment bond," thus including both subjects under the general provisions in relation to attachments. The act is entitled " an act to amend the attachment laws of this state." The same course of legislation was previously in vogue. The act of 18 February, 1799, was entitled " an act to regulate attachments in this state," and provided for summons of garnishment to issue upon attachments. Cobb, 69. This was followed by the act of December 23, 1822 ( *Id.*, 77), which is entitled " an act to authorize parties plaintiffs to issue summons of garnishment in certain cases, as in cases of attachment," and was the first act that provided for garnishment in suits

pending at common law, or on common law judgments or executions. By the terms of this act no bond was required of the plaintiff before the garnishment issued. It was amended by the act of the 20th December, 1823 (*Id.*, 78, 80), which provided that in all cases the applicant for summons of garnishment should give bond and security "as in cases of attachment."

The act of the 24th of December, 1832 (*Id.*, 83), authorizes garnishment to issue against banks "both in cases of attachments and in cases at common law." The act of the 4th of March, 1856, p. 25, authorizes the issuing of attachments and garnishments and regulates proceedings in relation to the same. §§13 to 18 of the act, both inclusive, together with §32, regulate proceedings in garnishments issuing on attachments, while §§44 to 51 of the same act regulate those issuing on suits pending at common law and upon common law judgments and executions. This act is a collection of all the preceding statutes upon the subject, and was carried into the Code of 1863, and will, with few modifications, be found in all succeeding editions of that body of laws. That portion of it relating to common law garnishments will be found in Part 3, Tit. 3, Ch. 5 of the present edition of the Code, and §3536 of the Code provides that when the common law garnishment has been served and returned, all subsequent proceedings shall be the same as in the Code prescribed in relation to garnishments in cases of attachment. The Code containing this provision likewise makes provision for strengthening insufficient bonds in cases of attachment, and designates the officer who shall do this and the mode and manner in which it shall be done. All these provisions are *in pari materia*, and must be so construed as to give effect to every part of each of them. Applying this rule of construction, it is apparent that the justice issuing the attachment or common garnishment has express authority, in his discretion, to require additional security, or a new bond to be given within the time prescribed by him, and in default thereof to dismiss the levy

in case of attachment, and in case of garnishment, it follows, by necessary implication, that where like default is made, he should order the garnishment dismissed. An attachment is for all purposes as effectually levied by service of garnishment as it would have been had the levy been made upon the defendant's property. Code, §3288. The reason for requiring bond is the same in cases where there is a direct levy upon property and where the use of defendant's money or property is suspended by the service of the garnishment. In both cases the amounts and conditions of the bond required are identically the same. .

The application to the magistrate before whom the garnishment was taken out, to have the bond strengthened, was proper. He alone had the power to order it, and upon the failure of the plaintiff to comply with this his order, to dismiss the process.

2. The law makes no provision for an appeal from his decision to the superior court. If he erred in his judgment, that error could have been corrected by the superior court upon a writ cf *certiorari*. Code, §§4049, 246, sub-sec. 4. In no other way could the superior court obtain jurisdiction of this question; and as there was no *certiorari* in this case, but an appeal to that court, all that was done therein touching the same was of no effect; it goes for nothing; but having been carried to that court at the instance of the plaintiff, he cannot be heard to complain; he is estopped by his act.

We therefore order and direct that the appeal to the superior court be dismissed, and that the order of the justice directing the bond to be strengthened, or a new bond to be given, stand as it stood before said appeal was entered, and that it be carried into effect as though no such appeal had been taken.

Judgment affirmed with directions.