REID *v*. THE ARMOUR PACKING COMPANY.

1. Where an attachment has been issued, and the defendant, before the term of the court to which the same is returnable, files an affidavit under the provisions of section 3271 of the code, for the purpose of having the attachment bond strengthened, this proceeding should not be dismissed because the levying officer was not able to find the magistrate who issued the attachment until after the first day of that term.
2. When the issue presented by the affidavit of the defendant is heard before the magistrate, the burden of proof is on the defendant to show the insufficiency of the bond.
3. Evidence that the surety on the bond returned no property for taxation in the county of his residence, while it might authorize, would not necessarily require, an inference that he was without sufficient property to make the bond good.

April 16, 1894.   Argued at the last term.

*Certiorari.*   Before Judge RONEY. Richmond superior court, April term, 1893.

S. B. VAUGHN and HAMILTON PHINIZY, for plaintiff.

J. B. CUMMING and BRYAN CUMMING, for defendant.

SIMMONS, Justice.

On October 6th, 1892, Reid sued out an attachment against the Armour Packing Company, a non-resident corporation, returnable to the November term of the city court of Richmond county, giving a bond with one Robertson as security.   The amount for which the attachment was issued was $2,500, and the amount of the bond was $5,000.   The attachment was issued by J. M. Posey, a notary public of Richmond county, and on the next day was levied by the deputy-sheriff.   The attachment was filed in the clerk's office of the city court on October 11th.   On the 27th of the same month the defendant's agent made affidavit, under section 3271 of the code, that the defendant had a good defence to the ac-

tion, and that the bond given was not good, for the reason that the surety had no visible property out of which the bond could be collected in case of a breach. It does not appear expressly when this affidavit was delivered to the levying officer, but in the absence of any showing to the contrary, the presumption is and ought to be that it was delivered at once. Upon the affidavit was indorsed a statement signed by the levying officer, that "I have been unable to deliver the within affidavit and the attachment papers in the case therein referred to, to J. M. Posey, because I have been unable to find him in the county. This January 14th, 1893." The papers were finally delivered to him, and he caused the parties to come before him for the purpose of hearing evidence touching the sufficiency of the bond; whereupon the plaintiff in attachment moved to dismiss the affidavit of the defendant, because the affidavit was made and delivered to the levying officer too late. The defendant moved that the plaintiff be required to show that the surety on the bond was good and sufficient. The notary ruled that the burden was on the defendant to show the contrary; and the defendant thereupon introduced a certificate from the tax-receiver of the county, stating that he had examined the books of tax returns and found that the name of Robertson, the surety, appeared thereon as paying a poll-tax and business license for the year 1892, but that he made no return of any property for taxation. The notary ruled that this was insufficient as evidence, and rendered judgment sustaining the motion to dismiss the defendant's affidavit on the ground that it came too late. On *certiorari* the judge of the superior court held that the notary erred in dismissing the affidavit as to the insufficiency of the bond, and in failing to require a new bond or the strengthening of the original bond; and remanded the case with direction that, unless the plaintiff should introduce evidence to

rebut the showing made by the introduction of the certificate of the tax-receiver, new and additional security be required on the attachment bond.

1. We think the judge of the superior court was right in holding that the magistrate erred in dismissing the affidavit. It appears that after the magistrate issued the attachment he left the county for a considerable length of time, and the sheriff was unable to find him until some time in January, and therefore was unable to return the papers to him "forthwith," as required by section 3271 of the code. This being so, the delay in returning the papers was not a sufficient reason for dismissing the affidavit. It was contended by counsel for the plaintiff in error, that the affidavit made by the defendant in attachment was filed too late, the attachment having been issued on October 6th, and the affidavit denying the sufficiency of the bond not being filed until October 27th. The statute does not prescribe any given time in which the affidavit shall be filed; nor could it do so without injury being likely to result to defendants. The surety on the bond may be perfectly solvent on the day the bond is given, but may soon after become insolvent. If the law required objections to the bond to be made within a few days after the filing of the bond, the defendant, notwithstanding the surety had become insolvent, would be debarred from objecting to the sufficiency of the bond. The defendant in this case resided in Chicago, and it may have been several days before it learned of the attachment and could appoint an agent and ascertain whether the surety was solvent or not. No time being fixed by the statute, we think the defendant has a right to file the affidavit denying the sufficiency of the bond up to at least the beginning of the term of the court to which the attachment is returnable, notwithstanding the papers may have been returned to the clerk's office before. When they are

returned and the affidavit is filed with the levying officer, he can, by virtue of his duty to comply with the statute, withdraw the papers and return them to the magistrate issuing the attachment. The latter is the only person authorized by the statute to inquire into the sufficiency of the bond. The judge of the court to which the attachment is made returnable has no such power. *Lockett v. Neufville*, 55 *Ga.* 454; *Gregory* v. *Clark*, 73 *Ga.* 546.

2. When the papers are returned to the magistrate who issued the attachment, the defendant in that proceeding, being the moving party, must assume the burden of proof. The magistrate, in accepting the bond, passed upon the sufficiency of the security, and the person excepting to it must show that the security was insufficient.

3. We think the judge of the superior court erred in directing that unless the plaintiff should introduce evidence to rebut the showing made by the introduction of the certificate of the tax-receiver, new and additional security be required on the attachment bond. The law makes it the duty of every citizen to return under oath, to the tax-receiver of the county in which he resides, all the property he has which is subject to taxation therein; and the fact that the security in this case returned no property in the county for taxation might have authorized the magistrate taking the bond to infer that he had none in the county, but it would not necessarily require an inference that he did not have sufficient property to make the bond good. He may have had ample property in another county.

*Judgment reversed as to the direction given the magistrate, but affirmed in so far as it orders a new hearing before him.*