EVERIDGE *v.* BERRYS & COMPANY.

The writ of *certiorari* does not lie from a decision of the county judge in a case pending in the county court, until after the final determination of the case in which the decision was made, even though the decision involved the question of jurisdiction to entertain the case, and would, had it been rendered as claimed by the plaintiff in *certiorari*, have been a final disposition of the case.

June 25, 1894. Argued at the last term.

*Certiorari.* Before Judge HENRY. Bartow superior court. January term, 1893.

A suit on an account for $147.49 was brought, February 17th, 1885, to the April monthly term of the county court of Bartow. At that term defendant appeared and moved to dismiss the case on the ground that said term had no jurisdiction. The motion was overruled, and the judge, over defendant's objection, ordered that the suit be passed to the next June quarterly term which should be the appearance term. At that term defendant appeared and demurred on the grounds, 1st, that the court to which the suit was brought had no jurisdiction to try the case, it being a monthly term of the said court, at which term the court had no jurisdiction to try any case where the principal sum exceeded $100; and, 2d, that the quarterly term had no jurisdiction, because the county judge had no jurisdiction as a court at the April monthly term, and no legal

authority to pass an order transferring the case to the June quarterly term. The demurrer was overruled, and by *certiorari* defendant assigned each of the foregoing rulings as error. In the superior court the *certiorari* was dismissed on the ground that it did not appear that the case in which the errors complained of were alleged to have been committed had been finally determined.

J. B. Conyers and A. S. Johnson, for plaintiff in error.

Lumpkin, Justice.

In addition to the brief report of the facts contained in the reporter's statement, it is only necessary to add that the record does not show the case had been finally disposed of in the county court when the *certiorari* was sued out. In the argument here, counsel did not so claim, but contended that the plaintiff in *certiorari* had the right to take the case up to the superior court before its final disposition in the county court, because if the decision of which he complained (being one involving the jurisdiction of the court) had been otherwise, it would have been a final disposition of the case. In this view we do not concur. The rule contended for is applicable, under section 4250 of the code, to the suing out of bills of exceptions from the superior court to this court; but as we understand the law of *certiorari*, the writ does not lie from an inferior judicatory while the case is still pending therein. We think the words—" the decision or judgment in such cause,"—as used in section 4052 of the code, refer to the *final* decision or judgment rendered in the case. Section 317(a) of code provides that, " In civil cases, the right of *certiorari* from the county court shall be as provided in section 287." The section last cited, while in terms it provides for the suing out of a *certiorari* to a judgment of the county judge in cases where the principal sum or damage claimed does not exceed fifty dollars, declares that in the petition for *cer-*

*tiorari* the party applying for the same " may state all the decisions and judgments complained of as erroneous, from the beginning to the end of the case." The words quoted very strongly imply that there can be no *certiorari* till the case is ended in the county court. Conceding the right to sue out a *certiorari* where the amount claimed exceeds fifty dollars, there is nothing in the statute suggesting that the rule with reference to such cases is, or should be, in any sense different from that pertaining to cases where the amount involved is fifty dollars or less.

The court, therefore, was right in dismissing the *certiorari* on the ground that it did not appear that the case in which the errors complained of were alleged to have been committed had been finally disposed of in the county court.                  *Judgment affirmed.*