Submitted March 24,—Decided June 3, 1903.

## SINGER MANUFACTURING COMPANY *v.* McNEAL PAINT AND GLASS COMPANY.

117 1005'
Case 2
e130  367

1. The writ of certiorari does not lie from a decision of a justice of the peace, in a case pending in the justice's court, until after the final determination of the case in which the decision was made, even though the decision would, had it been rendered as claimed by the plaintiff in certiorari, have been a final disposition of the case.
2. In so far as the decision in *Starnes* v. *Tanner*, 73 *Ga.* 144, conflicts with the above headnote, it is, upon a review thereof, overruled.

Argued January 26,—Rehearing March 16,—Decided June 3, 1903.

Certiorari.   Before Judge Lumpkin.   Fulton superior court. June 20, 1902.

*S. C. Crane*, for plaintiff in error.   *S. D. Johnson*, contra.

FISH, J.   The McNeal Paint and Glass Company, having obtained a judgment against G. W. Foote, at the June term, 1898, of the justice's court of the 1234th district, G. M., procured a summons of garnishment to be issued by a magistrate of the 1026th district, G. M., which summons was served upon the Singer Manufacturing Company, and was returnable to the May term of the magistrate's court of the last-named district.   The garnishee failing to answer, plaintiff's attorney asked the magistrate to render a judgment by default against the garnishee, in plaintiff's favor.   This the magistrate declined to do, upon the ground that from the affidavit and bond to obtain the garnishment it appeared that the plaintiff had obtained a judgment against Foote at the November

term, 1899, of the justice's court of the 1234th district, and that information had come to the magistrate that, from an examination of the docket of the justice of that district, no such judgment had been rendered at that term of the court.   At the July term, 1901, of the justice's court of the 1026th district, where the garnishment proceedings were still pending, plaintiff's attorney moved to amend the affidavit and bond for garnishment, by inserting therein the correct date of the judgment against Foote.   The magistrate allowed the amendment, "with the understanding that it could not be retroactive, but that a new summons must be served on the garnishee after amendment."   After such amendment the plaintiff's attorney "refused to have new summons served, and demanded default judgment" against the Singer Manufacturing Company.   The magistrate refused to render such a judgment, and it does not appear that anything more was done in the garnishment proceedings.   The plaintiff, by certiorari, carried the case to the superior court, alleging error upon the refusal of the magistrate to render such judgment.   In the superior court the certiorari was sustained, and his honor rendered a final judgment in favor of the plaintiff against the garnishee for the amount of the plaintiff's judgment against Foote. The case is here upon a bill of exceptions sued out by the garnishee, assigning error upon this judgment.

We think it clear that the writ of certiorari was prematurely sued out, because the garnishment proceeding was still pending in the magistrate's court, after his refusal to render a judgment in favor of the plaintiff against the garnishee.   If the mere refusal of the magistrate to enter up a judgment by default against the garnishee can be at all treated as a decision of the court, it was certainly not a final determination of the case in which such decision was made, for the case still remained pending in the court.   The mere fact that had the judgment for which the plaintiff moved been rendered it would have been a final disposition of the case did not entitle the plaintiff to sue out the writ of certiorari.   This is evident from the provision of the Civil Code, § 4642, that "All writs of certiorari shall be applied for within thirty days after the final determination of the case in which the error is alleged to have been committed."   Hence the principle applicable to bills of exception, that if a judgment duly invoked is refused, and it would if rendered have been a final disposition of the case, the party who

invoked it is entitled to sue out a writ of error, without waiting for the final determination of the case in the trial court, has no application in a certiorari case.     This was expressly decided in *Everidge* v. *Berrys*, 93 *Ga.* 760.     The present case was argued at the last term of the court, and subsequently upon a motion therefor a rehearing was granted, which was had at the present term, with leave to review the decision rendered in *Starnes* v. *Tanner*, 73 *Ga.* 144. Upon a review of that case, it is, in so far as the question under consideration is concerned, overruled, as we are of opinion that the decision there rendered is in direct conflict with the above-quoted section of the Civil Code.     As the case was still pending in the magistrate's court, the judge of the superior court had no jurisdiction of it, and therefore he erred in rendering the judgment complained of.     The judgment is reversed, with direction that the judge of the superior court dismiss the certiorari.

*Judgment reversed, with direction.     By five Justices.*