### 2656. STEPHENS *v.* WOODSON.

1. When, under the provisions of section 4517 of the Civil Code of 1895, the issue made by an affidavit of the defendant who seeks to have a garnishment bond strengthened is tried, the burden of proof is upon him to show that the bond is not a good bond. The defendant in this case failed to carry the burden imposed upon him by law.
2. Evidence that the surety on a bond returns no property for taxation in the county of his residence does not require the inference that he is without sufficient property to make the bond good.
3. The evidence not showing that the bond was insufficient, it was error to order that the bond be strengthened.

DECIDED JANUARY 31, 1911.

Garnishment bond; from city court of Atlanta—Judge Reid. April 25, 1910.

*Scott & Davis,* for plaintiff.   *J. J. Barge,* for defendant.

RUSSELL, J. In accordance with provisions of the Civil Code of 1895, § 4517, George Woodson made an affidavit and moved that a bond which had been given by the plaintiff, M. C. Stephens, to procure the issuance of a garnishment, be strengthened. It appears from the record that Stephens had a suit pending against

Woodson, doing business as the Union Discount Company and Enterprise Loan Company, alleging an indebtedness of $5,000. Stephens, desiring the issuance of summons of garnishment, gave an ordinary garnishment bond, in the sum of $10,000, with S. C. Glass and J. E. Butler as security. This bond Woodson, by his affidavit, alleged to be insufficient, for the reason that J. E. Butler, one of the securities, had no visible property out of which the bond could be collected in case of its breach. Upon this affidavit the judge issued an order nisi, requiring the plaintiff in the garnishment to show cause why the bond should not be strengthened or the garnishment be dismissed. This was served upon the plaintiff, and, after a hearing, the trial judge ordered the plaintiff to strengthen the bond within five days, or, in default thereof, that the garnishment proceeding be dismissed. In *Reid* v. *Armour Packing Co.,* 93 *Ga.* 696 (21 S. E. 131), it was decided that in any proceeding brought to strengthen the bond which the plaintiff in garnishment is required to make, the burden of proving that the bond is insufficient is upon the defendant. This is naturally and logically correct, because it is the defendant who makes the affirmative statement that the bond is insufficient. We therefore postpone the consideration of some of the questions raised by the bill of exceptions to the inquiry (which must be controlling, if answered in the negative) as to whether the defendant in this case successfully carried the burden imposed upon him. In other words, was the evidence introduced upon the hearing sufficient to support the contention of the defendant that the garnishment bond given by the plaintiff was insufficient, as asserted by him in his affidavit?

Prima facie the garnishment bond, being approved by a duly qualified officer, is to be presumed to be sufficient; and when the defendant asserts that it is not, it devolves upon him to establish his contention. In support of his motion to strengthen the bond, Woodson proved by the plaintiff that he was not acquainted with his security, J. E. Butler, and did not know whether he was worth anything or not, nor even whether he lived in the State. Ordinarily one's securities are his most intimate acquaintances and friends, but it is possible that one might be engaged in litigation in a county in which he is a stranger, and that security might be obtained for him among friends of his attorneys, with whom he is personally unacquainted; and it is not a thing unheard of for an

attorney to, interest in a deserving or penniless client even men of means, to whom the justice of the litigant's cause may appeal. However this may be, in this day when bonds are frequently secured by corporations engaged in that special business, the fact that the principal is not personally acquainted with his security is not of itself a matter of such significance as to warrant the inference that for that reason the security is insolvent. The fact that Mr. P. W. Davis Jr., one of the plaintiff's counsel (who was introduced by the defendant and testified that he was acquainted with the signature of Mr. Butler, the security, that he was sure that he lived in the State, and he thought in Barnesville), did not know whether the security, Butler, was worth anything or not, is not affirmative proof of the fact that Butler is not able to respond in damages as he obligated himself to do. The defendant next put in evidence a certificate from A. P. Stewart, tax-collector of Fulton county, showing that J. E. Butler returned only $75 worth of real estate, and no personal property, for taxation in said county, and proved that from an examination of the tax digest it appeared that there was no other J. E. Butler who paid taxes in Fulton county; and the defendant also introduced J. E. Butler, who testified that he did not sign the garnishment bond in question, the name signed being the same as his, but the signature not being his. The only material circumstance proved by the defendant then as to any J. E. Butler was that he returned only $75 worth of property in Fulton county the year previous to the suit. As held in *Reid* v. *Armour Packing Co.*, supra, the evidence that the surety on the bond returned no property for taxation in the county of his residence might authorize an inference that he was without sufficient property to make the bond good; and, therefore, if J. E. Butler who lived in Fulton county had not sworn that he did not sign the bond, this proof might have been sufficient. But inasmuch as he swore that he did not sign the bond, and the evidence of Mr. Davis, to the effect that he was acquainted with the signature of the J. E. Butler who did sign it, and who, he thought, lived in Barnesville, was not disputed, the question as to the worth or financial responsibility of the Butler who lived in Fulton county became immaterial. It appearing, from the evidence, that there are two J. E. Butlers, and that one of them did not sign the bond, the material subject of inquiry was the financial responsibility of

41

the Butler said to live in Barnesville, and not the one who lives in Fulton county. It seems to us that either the officer who approved the bond or Mr. Scott (whom the testimony in the case shows to have been the person who induced the real security Butler to sign the obligation) would have been able to throw some light upon his true financial status. But aside from this, the plaintiff did not have to prove that the security, Butler, was solvent. The burden of showing that the bond was insufficient had been assumed by the defendant, the bond was signed by two securities, and before the defendant could have legally established the allegation that the bond was insufficient, it would have been necessary to show that S. C. Glass, who appears also to have signed the garnishment bond as security, did not have enough property, or for some other reason was unable to respond in damages, in the event of his liability upon the bond. There is not a line in the testimony affecting the solvency or financial responsibility of Glass; and, so far as appears from the evidence, the bond may be sufficient even if Butler be wholly insolvent. The record does not inform us as to Glass's financial condition; no inquiry seems to have been made on the subject; and yet, in carrying the burden imposed by law, it as much devolved upon the defendant, in proving that the bond was insufficient, to show Glass's financial inability to discharge the obligation as to show that of Butler. We are therefore of the opinion that the defendant failed to show that the bond was insufficient, and that the trial judge erred, under the evidence submitted, in requiring the bond be strengthened.      *Judgment reversed.*