7992. DUNLOP MILLING COMPANY *v.* COLLIER.

</div>

GEORGE, J. 1. Where a creditor entered into an agreement with the principal debtor, and the principal debtor communicated the terms of the agreement to another person for the purpose of inducing him to become a surety on promissory notes to the creditor, and where the facts and circumstances were such as to authorize a finding, in a suit upon the notes, that the creditor contemplated that the terms and conditions of the agreement would be communicated to the surety for the purpose of inducing him to sign the notes, it was competent for the surety to show the agreement between the creditor and the principal debtor; that knowledge of this agreement was communicated to him; that he became surety upon the notes because of the existence of the agreement, and that the agreement was breached by the creditor.

2. Any act of the creditor against the principal debtor which tends to increase the risk of the surety or to expose him to greater liability will

discharge the surety. *Blackburn* v. *Morel*, 13 *Ga. App.* 516 (79 S. E. 492) ; Civil Code (1910), § 3544.

3. The facts and circumstances in this case were sufficient to authorize a finding that the contract between the creditor and the principal debtor was to continue at least to the time of maturity of the last of the series of notes signed by the surety; and in view of the rejection of the evidence indicated in paragraph 1 of this decision, the appellate division of the municipal court of Atlanta was authorized to grant the surety a new trial, and the judge of the superior court did not err in overruling the certiorari.

    *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

    DECIDED APRIL 9, 1917. REHEARING DENIED MAY 3, 1917.

Certiorari; from Fulton superior court—Judge Bell. October 16, 1916.

*Smith, Hammond & Smith, John T. Hardisty,* for plaintiff.

*Hines & Jordan; Tye, Peeples & Tye, Daley, Chambers & Daley,* for defendant.

### ON MOTION FOR REHEARING.

GEORGE, J. We have not overlooked subdivision *b* of section 42 of the act creating the municipal court of Atlanta (Acts 1913, p. 168), which provides: "Should the judge decline to grant said motion for a new trial, he shall pass an order to that effect, and an appeal shall lie therefrom to the appellate division of said court upon any ground of new trial which would be a ground for new trial in the superior courts, except upon the ground: (1) that the verdict found or the judgment rendered is contrary to the evidence and the principles of equity; and (2) that said verdict or judgment is decidedly and strongly against the weight of the evidence, which excepted grounds for new trial shall not be otherwise urged than in an oral motion made at the time of the finding of the verdict or the rendition of a judgment by the court, as hereinbefore provided, and as to which excepted grounds the order denying such motion for new trial shall be conclusive, and such grounds shall not be urged upon appeal from such order, nor by writ of error." We recognize that the appellate division of the municipal court of Atlanta, in passing upon a judgment of a judge of that court, refusing to grant a new trial in a case tried by him, is without power to reverse his judgment and to grant a new trial upon the grounds that the verdict found or judgment rendered is "contrary to the evidence and the principles of equity," or that the verdict or judgment "is decidedly and strongly against the

weight of the evidence." The discretion to grant a new trial upon these grounds is exhausted when the judge of the municipal court who tried the cause refuses to exercise that discretion. It is only for error of law that the appellate division of the municipal court of Atlanta can reverse the judgment refusing a new trial. It necessarily follows that the judge of the superior court, on certiorari, has no discretion to consider such grounds in passing upon the judgment of the appellate division of the municipal court of Atlanta. We were under the impression that our decision in this case could not be understood otherwise with respect to this matter.

The effect of the decision is to affirm the judgment of the superior court sustaining the grant of a new trial by the appellate division of the municipal court for errors of law in the trial of the case, the errors complained of being the rejection of the evidence indicated in the first division of the opinion, to wit: evidence of the agreement between the creditor and the principal debtor; that knowledge of this agreement was communicated to the surety; that the surety signed the notes because of the agreement, and that the agreement was breached by the creditor. Our opinion does not conclude the plaintiff in error on any question of fact which may exist, or which may arise in the case on a retrial. Nor will it be considered as requiring the judge of the municipal court of Atlanta to find that the creditor knew that the terms of the agreement made with the principal debtor were in fact communicated to the surety, or that it was in contemplation of the parties that such agreement should be communicated to the surety, or that the agreement made between the creditor and the principal debtor, as a matter of law, was to continue for any particular length of time, or that the agreement was wrongfully breached. The whole force of the decision is, that, since the facts and circumstances in the record were such as to authorize a finding, in the suit upon the notes, that the creditor contemplated that the terms and conditions of the agreement would be communicated to the surety for the purpose of inducing him to sign the notes, and since the facts and circumstances in the record were such as to authorize a finding that the contract made between the creditor and the principal debtor was to continue at least to the time of the maturity of the last of the series of notes executed by the surety, it was error of law to reject the evidence indicated in the first division of the opinion and herein-

above referred to. This evidence should have been admitted and should have been considered by the judge of the municipal court, who tried the case without the intervention of a jury. Whether the admission and consideration of this evidence will produce a different verdict upon another trial of the case is a matter entirely for the judge of the municipal court, or the jury in that court. The rejected evidence was both relevant and material upon the issues in the case, and the surety was entitled to have it admitted and considered.

Nor have we overlooked the decision in *Broughlon* v. *Joseph Lazarus Co.,* 13 *Ga. App.* 153 (78 S. E. 1024), where it was held: "Acts of the principal debtor or any other person than the creditor himself by which one is induced to become a surety do not affect the rights of the creditor, even though the acts be fraudulent." We recognize this to be the law, but what we hold is, that if a creditor enters into an agreement with his debtor, and if it be contemplated by the parties that the terms of this agreement are to be communicated to a third person for the purpose of inducing him to become surety for the debtor, and if such agreement is in fact communicated to such third party, and he is thereby induced to become surety for the debtor, the creditor can not violate the terms of his agreement to the injury of the surety. It seems perfectly clear to us that, while neither the acts of the principal debtor, nor the acts of any other person than the creditor himself, by which one is induced to become a surety, can affect the rights of the creditor, even though the act be fraudulent, yet when the fraudulent acts of the creditor himself induce one to become a surety, the rights of the creditor are thereby affected if such acts of the creditor tend to increase the risk of the surety or to expose him to greater liability. The creditor is not responsible for the acts of another, unauthorized by him, but he is responsible to the surety for the consequences of his own acts. We repeat, for the sake of clearness, that we do not express any opinion upon the facts.                                        *Rehearing denied.*