JETER *v.* TURMAN-BROWN COMPANY.

No. 6733. SEPTEMBER 11, 1929.

*Oliver C. Hancock,* for plaintiff in error.
*George & John L. Westmoreland,* contra.

RUSSELL, C. J. The Court of Appeals requested instruction upon the following question: "Where, in the municipal court of Atlanta, an appeal is taken to the appellate division of the court from an order of the trial judge overruling a motion for new trial, is it necessary that error be assigned upon the judgment of the trial judge overruling the motion for new trial? See, in this connection, act of 1925, amending the act creating the municipal court of Atlanta (Ga. L. 1925, p. 382, § 41; p. 386, § 2), from

which it appears that an appeal to the appellate division is taken from the judgment of the trial judge overruling the motion for new trial; but see also p. 384, § 42(f), from which it appears that the appellate division, in passing upon the appeal, shall enter an order ' sustaining or overruling said motion.' In other words, is the appeal to the appellate division a review of the judgment of the trial judge in overruling the motion for new trial, such as would necessitate an assignment of error upon his ruling; or is it a review of the trial itself upon a de novo consideration of the motion for new trial, such as would not require an assignment of error upon the order of the trial judge?" Changing the verbiage, the question is whether what is called an *appeal* to the appellate division is a retrial of the case,—a de novo proceeding,—such as is by law provided for an appeal in the justice's courts, from the court of ordinary to the superior court, and from the justice's court to the superior court; or whether the appeal from the trial judge to the appellate division of the municipal court, provided by the act of 1925, is merely a review of the trial had before the judge, to ascertain whether such errors were committed therein as should require another original investigation. Considering the history of the municipal court of Atlanta, and bearing in mind that the appeals to which we have just referred have always been treated as de novo investigations, we were at first inclined to hold that it was not necessary that error be assigned upon the judgment of the trial judge overruling the motion for a new trial. Upon a full investigation we are convinced that such a conclusion can not be properly drawn from the language employed in the act of 1925, amendatory of previous acts with relation to the municipal court of Atlanta. In the first place, it must be remembered that in the inception of the municipal court of Atlanta its jurisdiction was limited to $500. By amendment this jurisdiction has been successively increased, first to $1000, and by the act of 1925 to $2500. There has been no change in the provisions of the original act in relation to the appeal in a case where the amount involved does not exceed $500; but with the growth of the jurisdiction of the court the General Assembly has seen fit to attach to what is called an appeal from the trial judge to the appellate division formalities and requirements practically the same as obtain in a motion for new trial in the superior court. Consequently, although

the proceeding is still denominated an appeal, it savors more of a review by an appellate court of the investigation by the trial judge, to determine only errors of law; for though the act expressly provides, in section 41, "that there shall be an appellate division of said court for the *rehearing* of matters arising in civil causes therein, and the power to grant or refuse new trials and render final judgment," it appears from the provisions of section 42(a) that "in matters where the principal sued for or the value of the property sued for or claimed is more than $500, then the same pleading, practice, and procedure shall prevail as in the superior courts of Georgia." Section 42(b) declares that "should the judge decline to grant said oral or written motion for new trial, as the case may be, he shall pass an order to that effect, and appeal shall lie therefrom to the appellate division of said court upon any ground of new trial which would be ground for new trial in the superior court." The provision just quoted inclines us to the view that the order of the trial judge in the municipal court, overruling the motion for new trial, is the final termination of the case so far as the municipal court may be called a trial court, other provisions in the act making the appellate division of the municipal court in a sense a court of review. In this view of the matter the so-called appeal to the appellate division is somewhat similar to the bill of exceptions to a court of review. Where the appellant seeks to rely on the grounds urged in the motion for a new trial before the trial judge of the municipal court, such appellant must except to and assign error on the rulings of the trial judge in his motion for a new trial. Where "the bill of exceptions neither excepts to nor assigns error upon the order overruling the motion for a new trial, the failure to except thereto is fatal." *Lyndon* v. *Georgia Railway &c. Co.*, 129 *Ga.* 354 (58 S. E. 1047). As well argued by counsel for the plaintiff in error, "Appeals in law are one thing and so recognized by the courts, and certiorari is an entirely different thing. The procedure under the statute which governs the one is entirely different from the practice and procedure which controls the other." But, as we have pointed out, the constitutional amendment and the acts in pursuance thereof, which control practice and procedure in the municipal court of Atlanta, are sui generis. An appeal from the ordinary's court or an appeal from the justice's court to the superior court is expressly

declared to be a proceeding de novo·; but it is within the power of the General Assembly to denominate the proceeding, which is perhaps inaptly called an appeal from the trial judge to the appellate division of that court, as an appeal, and the courts are not thereby prevented from a proper classification of the remedy, regardless of its nomenclature. It was likewise within' the power of the General Assembly to prescribe the conditions and rules upon which the so-called appeal should be had. Section 2 of the act of 1925, supra, provides "that before the writ of certiorari shall lie to any verdict, judgment, order, or ruling of the municipal court of Atlanta, a motion for a new trial must be made before the judge trying the case, and *his judgment thereon* [italics ours] must be reviewed by the appellate division of said court in the manner herein provided, and the writ of certiorari shall lie only to the final judgment of the appellate division of said court." So we conclude that the question of the Court of Appeals must be answered in the affirmative; that is to say, that in such an appeal there must be an assignment of error upon the judgment of the trial judge in overruling the motion for a new trial.

*All the Justices concur, except Hines, J., ·dissenting.*