*Neufville & Neufville,* for plaintiffs in error.
*Houston White, John J. Poole,* contra.

### 21164. REED *et al. v.* KRIEGSHABER & SON INC.

STEPHENS, J. 1. The writ of certiorari lies only after the rendition of a judgment making a final disposition of the case, and then only to correct errors which affect such final judgment. It does not lie to correct errors affecting only a judgment which is not final, although a judgment rendered as contended for by the complaining party would be final. Civil Code (1910), § 5188; *Singer Manufacturing Co.* v. *McNeal Paint & Glass Co.,* 117 *Ga.* 1005 (44 S. E. 801); *Everidge* v. *Berrys,* 93 *Ga.* 760 (20 S. E. 644); *Johnson* v. *Barrett,* 26 *Ga. App.* 781 (107 S. E. 168).

2. Where a verdict and judgment rendered in the municipal court of Atlanta is not a final judgment, neither a judgment of the trial judge overruling a motion for a new trial excepting to such verdict and judgment, nor a judgment of the appellate division of that court affirming such judgment of the trial judge, is a final judgment.

3. A verdict and judgment against a special plea of no partnership is not a final judgment, and where there appears to have been no final disposition of the case and there is no exception to a final judgment, a judgment of the appellate division of the municipal court, affirming a judgment overruling a motion for a new trial excepting to the verdict and judgment against the plea of no partnership, is not a final judgment, and therefore the writ of certiorari will not lie to correct such a judgment of the appellate division. The superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*