24735.   TURNER *v.* MASONIC RELIEF ASSOCIATION.

Decided January 10, 1936.

*Butler & McCollister, Durwood T. Pye, A. A. Marshall,* for plaintiff.

*Bryan, Middlebrooks & Carter,* for defendants.

GUERRY, J. The plaintiff in the municipal court of Atlanta obtained a verdict and judgment against the Masonic Relief Association. A motion for new trial was overruled by the trial judge. An appeal was taken to the appellate division of the municipal court, assigning error upon that ruling. A new trial was granted by the appellate division, and the plaintiff excepted.

The defendant insists that the evidence demanded a verdict in its favor, or that a verdict for the plaintiff was without any evidence to support it; also that the appellate division of the municipal court had the power to grant a new trial in its discretion, and, this being the first grant of a new trial, that it should not be disturbed. The plaintiff insists that there was a conflict in the evidence; and that, the trial judge having exercised his discretion in denying a motion for new trial, the appellate division, created for the correction of errors of law alone, had no discretion, where the evidence was conflicting, to grant a new trial. The action was on a fraternal relief association policy of insurance similar to that in *Masonic Relief Association* v. *Hicks,* 47 *Ga. App.* 499 (171 S. E. 215), which does not expire at the end of each period for which the premium, dues, or assessments have been paid (being renewable only by further periodic payments as provided for), but is a contract for life made in consideration of the periodic payments of the premium, dues, or assessments. The payment of premiums, dues, or assessments is not a condition precedent to the continuation of the policy or certificate for the life of the insured, but the condition that the policy or certificate becomes lapsed or void, for non-payment of premium, dues, or assessments, as required by the terms of the contract, is a condition subsequent, by which the policy becomes lapsed or void upon condition of non-payment of premiums or dues as required by terms of policy. "The plaintiff's right to recover is established prima facie, without proof of payment of the required premiums, on proof of possession of the policy by the plaintiff, and its introduction in evidence, and proof of all other essentials to recovery under the policy. The burden is then upon the defendant, in order to defeat recovery, to adduce evidence tending to establish the invalidity of the contract of in-

surance, by reason of non-payment of premiums, dues, or assessments necessary to render the insured in good standing and the policy in force at the time of his death." *Masonic Relief Asso.* v. *Hicks,* supra. The plaintiff successfully carried this burden by showing possession of the policy in the insured at the date of his death, and its introduction in evidence. Under all of the evidence the jury was authorized to find that the defendant did not successfully show the invalidity of the policy by reason of the alleged non-payment of dues and assessments; and therefore the verdict must stand as being supported by competent evidence. See in this connection, *Citizens Bank of Tifton* v. *Timmons,* 15 *Ga. App.* 815 (84 S. E. 232), and cit.; *Hall* v. *General Accident Assurance Cor.,* 16 *Ga. App.* 66 (85 S. E. 600).

The judge having approved this verdict by denying the motion for new trial, did the appellate division of the municipal court have the same discretion as the trial judge to set aside the verdict, when there was some evidence to support it? The Supreme Court, in *Jeter* v. *Turman-Brown Co.,* 169 *Ga.* 30 (149 S. E. 555), held that an appeal to the appellate division of the municipal court of Atlanta must assign error upon the ruling of the trial judge in denying the motion for new trial. Further it was said: "Consequently, although the proceeding is still denominated an appeal, it savors more of a review by an appellate court, of the investigation by the trial judge, to determine only errors of law. . . In this view of the matter the so-called appeal to the appellate division is somewhat similar to the bill of exceptions to a court of review." Is the first grant of a new trial by the appellate division reviewable when the law and the facts do not demand a particular verdict? The Code of 1910, § 6204, declares that the first grant of a new trial will not be disturbed, unless the judge abused his discretion, or the law and the facts require the verdict notwithstanding the judgment of the trial judge. There can be no question that the discretion of a judge of the superior court in granting a new trial on certiorari will not be interfered with where the evidence is conflicting. *Bryant* v. *Ridgeway,* 126 *Ga.* 733 (55 S. E. 932). That case, however, was a certiorari from a justice court, which itself has no authority to grant a new trial. No principle is more firmly fixed than that where the evidence warrants the verdict the discretion of the trial judge in refusing a new trial will

not be interfered with. 1 Michie's Dig. Cum. Supp. 653. The Code of 1910, § 6082, provides: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the presiding judge may grant a new trial before another jury" (Code of 1933, § 70-202). "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding." § 6087. "New trials can be granted by the superior and city courts only." § 6078. By the act of 1933 (Ga. L. 1933, pp. 290, 292) it is provided that new trials may be granted in the municipal court of Atlanta upon the same grounds as in the superior courts of this State (sec. 42). The motion is made and passed upon by the presiding judge in the case. "All rulings of the trial court which under the practice in the superior court would be the subject-matter of final bill of exceptions, cross-bill of exceptions, or exceptions pendente lite, shall likewise be the subject-matter of such exceptions in this court, and such exceptions shall be presented to the trial judge, . . and ordered filed and transmitted to the appellate division of said court or to the Court of Appeals or the Supreme Court as the case may be" (sec. 42(b)). Sec. 42(c) provides that where the amount is less than $300, appeal must be to the appellate division. Sec. 42(h) provides for an appeal to this court when the amount is more than $300. It would seem clear that if in an appeal taken to this court the discretion given to a trial judge in granting or refusing a new trial may not be interfered with, the appellate division is not by the terms of the act invested with any larger powers. It may pass upon all alleged errors of law, or the contention that there is *no* evidence to support the verdict. The trial judge alone has the power to pass upon the sufficiency of the evidence. The appellate division in ordering a new trial said there was no evidence showing payment of dues that would keep the certificate in force after August 15, 1933. From what has been said in this opinion, there was evidence on which a verdict could have been supported; and the plea in abatement being without merit, the appellate division erred in granting a new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*