## 27129. KESLER *v.* GROOVER.

DECIDED OCTOBER 24, 1938.

*Edwin G. Barham,* for plaintiff in error.

*Ben F. Cheek Jr.,* contra.

SUTTON, J. On March 7, 1938, Claude Groover instituted a garnishment proceeding against Otis Kesler in a justice's court in Stephens County, the same being based on a judgment rendered in the same court on August 19, 1936, in favor of the former against the latter. Kesler made a motion to dismiss the garnishment, on the ground that the plaintiff had not given bond as required by law. The bond was for $21.30, double the amount of the judgment and costs, and was signed by Claude Groover, principal, and Tom Simpson, surety, and was approved by the justice of the peace. The only evidence in support of the motion to dismiss was by the justice of the peace, that he did not know Tom Simpson personally, and did not know whether he owned any property in Stephens County. The motion to dismiss the garnishment was denied. The plaintiff then made a motion to have the garnishment bond strengthened, which motion was granted; and accordingly the bond was strengthened by the plaintiff and approved by the justice of

the peace. To the order overruling the motion to dismiss, and while the garnishment case was still pending in the justice's court, the defendant sued out a certiorari to the superior court, the only point therein being whether the justice of the peace erred in denying the motion to dismiss the garnishment. The judge of the superior court overruled and dismissed the certiorari, and the exception here is to that judgment.

■ "The writ of certiorari does not lie from a decision of a justice of the peace, in a case pending in the justice's court, until after the final determination of the case in which the decision was made, even though the decision would, had it been rendered as claimed by the plaintiff in certiorari, have been a final disposition of the case." *Singer Mfg. Co.* v. *McNeal Paint Co.,* 117 *Ga.* 1005 (1) (44 S. E. 801) ; *Everidge* v. *Berrys,* 93 *Ga.* 760 (20 S. E. 644) ; *Sullivan* v. *Levy,* 26 *Ga. App.* 319 (106 S. E. 19) ; *Reed* v. *Kriegshaber,* 44 *Ga. App.* 64 (160 S. E. 560) ; *Felker* v. *Freeman,* 46 *Ga. App.* 767 (169 S. E. 247). The garnishment case was still pending in the justice's court after the justice of the peace overruled the motion to dismiss the garnishment. So the writ of certiorari to the superior court, assigning error on the overruling of the motion to dismiss, which was sued out before a final determination of the case in which the decision was made, was prematurely brought. Therefore the judge of the superior court properly overruled and dismissed the certiorari.

■ Moreover, the garnishment bond was regular on its face and was approved by the proper official. Prima facie it was a good bond, and the burden was on the defendant, who attacked it, to show that it was not a good bond. *Stephens* v. *Woodson,* 8 *Ga. App.* 639 (70 S. E. 55). He failed to carry the burden, especially in so far as showing any merit in this respect in his motion to dismiss the garnishment proceeding; the only showing made on the motion being that the justice of the peace did not personally know the surety on the bond, or whether he had property in Stephens County. It was held by the Supreme Court, in *Burton* v. *Wynne,* 55 *Ga.* 615 (2), that the provisions of the statute (Code, § 46-102) with reference to garnishment bonds are merely directory; that § 46-102 and § 102-102 (6) should be construed together; and that a substantial compliance with the statute, especially on the part of public officers, shall be deemed and held sufficient, and no pro-

ceeding shall be declared void for want of such compliance, unless expressly so provided by enactment. Furthermore, it appears from the record that when the motion to dismiss was denied the defendant immediately moved to have the garnishment bond strengthened, and this motion was granted, and the bond was strengthened by the plaintiff and approved by the justice of the peace. The justice of the peace had the authority to require this to be done (Code, § 8-113), and had the discretion to pass on the matter. *Gregory* v. *Clark*, 73 *Ga.* 542. So, from a consideration of the case on its merits, the judge of the superior court was right in overruling and dismissing the certiorari.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*