31679.   BARTLETT *v.* SOCKWELL.

DECIDED SEPTEMBER 3, 1946.

*Ezra E. Phillips,* for plaintiff in error.
*O. C. Hancock, C. E. Moore,* contra.

GARDNER, J.   Rule 12 of the Civil Court of Fulton County provides as follows: "No brief of evidence will be finally approved by the trial judge unless it shall affirmatively appear that written notice of the appeal in said case has been served upon the opposite party or his attorney of record at least two days before the same is presented for approval.   The said notice shall state the day,

hour, and place when and where said brief of evidence will be presented to the trial judge for final approval:" It is clear and conceded by both parties that this rule was not complied with. It is contended by the plaintiff in error that the defendant in error should have made objections to the approval of the brief of evidence before the trial judge; and that, since this was not done, the appellate division was bound by the brief of evidence, and the approval thereof by the judge, notwithstanding that the provision of Rule 12 was not complied with. We can not agree with this view. Rule 12 provides that it must affirmatively appear that the written notice of the appeal had been served upon the opposite party or his attorney of record at least two days before the same is presented for approval and further that the notice shall state the day, hour, and place, etc. It nowhere affirmatively appears in the record that the plaintiff in error, Bartlett, complied with this provision. Therefore we conclude that the purported approval of the brief of evidence by the trial judge was without authority and a nullity. There are good reasons, which we will not now endeavor to recount, why such a rule is a salient one and a substantial one as a matter of procedure. We are confirmed in this by the provisions of the act of 1946 (Ga. L. 1946, p. 732), as to Rule 2 of that act designated as "New Rules of Practice and Procedure for Appeal and Review." It reads: "If the plaintiff in error shall so elect, he may have the brief of so much of the evidence as is necessary to a clear understanding of the errors complained of approved by the judge and made a part of the record and sent up by the clerk as a part thereof, rather than have the same incorporated in the bill of exceptions. No such brief of the evidence shall be approved by the judge unless the opposite party or his attorney of record shall have been given written notice as provided by Section 24-3347 as amended herein." Section 24-3347. of the Code, appears in Rule 19 (Ga. L. 1946, p. 744), as follows: "In every application for new trial, a brief of the testimony in the cause shall be filed by the party applying for such new trial, under the revision and approval of the court. Before presenting a brief of the testimony to the court for approval, the attorney whose duty it is to prepare it shall give written notice to the opposite party or his attorney . . of his intention to present the brief of the testimony to the trial court for approval at a certain

time and place. No such brief of the testimony shall be approved by the trial court unless the opposite party or his attorney of record shall have been given such written notice. . . If, pending the motion, the presiding judge shall die, or a vacancy otherwise occur, then his successor shall hear and determine the motion from the best evidence at his command."

Counsel for the plaintiff in error contend that since the opposite party did not object to the approval of the brief of evidence before the trial court, he could not do so on appeal to the appellate division. We think there was no brief of evidence as required and therefore the motion for a new trial was a nullity. This was true in the superior court prior to the passage of the New Rules and Procedure Act of 1946, supra. See *Kalil* v. *Spivey*, 70 *Ga. App.* 84 (2) (27 S. E. 2d, 475). But it is contended by counsel for the plaintiff in error that the Appellate Division of the Civil Court of Fulton County is invested with power to "grant and refuse to grant new trial. . . The act creating the Municipal Court of Atlanta confers upon the appellate division of that court no power to mould judgments or to do more on passing on appeals than to grant or refuse a new trial." *Adair* v. *Allen*, 18 *Ga. App.* 636 (89 S. E. 1099). The facts of that case are not applicable to the facts in the instant case, as will appear from a casual reading of it. Here the appellate division on motion dismissed the appeal because it affirmatively appears that there was no brief of evidence, as was required in that court under the rules of procedure prescribed. It is true that counsel for the plaintiff in error in arguing against the motion to dismiss, stated in open court that he did not comply with the rules as to notice as contained in Rule 12, supra. And it is also true that the Appellate Division of the Civil Court of Fulton County in the order dismissing the motion and dismissing the appeal, recites: "Counsel for appellant in this case stated in open court before the Appellate Division that he did not comply with the rule above quoted. In such circumstances it is ordered that the appeal in this case be, and the same is hereby dismissed." While we are inclined to agree with counsel for the plaintiff in error that the appellate division was perhaps not authorized to dismiss the appeal for this reason, the giving of this reason by the appellate division does not make the dismissing of the appeal erroneous. If the appeal was subject to be dismissed because

it does not affirmatively appear from the record that there was no brief of evidence as required under the procedure of law of the Civil Court of Fulton County, the giving of such reason for dismissal is immaterial. It has been generally held that where there is a correct judgment by the court an erroneous reasoning therefor is immaterial. In this view the order of the appellate division purporting to dismiss the motion for a new trial was in effect only the denial of a motion for a new trial, even under the contentions of the plaintiff in error. But in our opinion, even if we do not take this view of it, under the act creating the Civil Court of Fulton County the appeal was subject to be dismissed because it was not a legal appeal, for the reason we have hereinbefore pointed out. It therefore follows that the cases cited by the plaintiff in error to the effect that the trial judge alone has the power to pass upon the sufficiency of the evidence are not applicable under the facts of the instant case. These cases are: *Jeter* v. *Turman-Brown Co.*, 169 *Ga.* 30 (149 S. E. 555) ; *Branon* v. *Ellbee Pictures Corp.*, 40 *Ga. App.* 450 (150 S. E. 168) ; *Reed* v. *Kriegshaber*, 44 *Ga. App.* 64 (160 S. E. 560) ; *Dunlop Milling Co.* v. *Collier*, 19 *Ga. App.* 725 (92 S. E. 296) ; *Turner* v. *Masonic Relief Assn.*, 52 *Ga. App.* 374 (183 S. E. 350). The court did not err in overruling and dismissing the certiorari for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*