33574. KELLY *v.* ADAMS.

DECIDED JUNE 14, 1951. REHEARING DENIED JULY 19, 1951.

452

*Charles F. Johnson, M. C. Barwick,* for plaintiff in error.
*W. Wright Abbot,* contra.

GARDNER, J. ■ The plaintiff moves to dismiss the bill of exceptions because the defendant failed to comply with the rule of practice and procedure, now embodied in Publisher's Pocket Supp. to the Code, § 24-3364 (Rule 64), which provides that: "Before presenting a brief of the testimony to the court for approval, the attorney whose duty it is to prepare it shall give written notice to the opposite party or his attorney of record of his intention to present the brief of the testimony to the trial court for approval at a certain time and place. No such brief of the testimony shall be approved by the trial court unless the opposite party or his attorney of record shall have been given such written notice or shall, in writing, have waived such no-

tice." It is claimed that under the ruling in *Bartlett* v. *Sockwell*, 75 *Ga. App.* 591 (44 S. E. 2d, 141), the bill of exceptions should be dismissed. The plaintiff states that this is the first opportunity he has had to object to the filing of the brief of the evidence. The record discloses that the motion for new trial was made May 10, 1950, that the amendment thereto was approved and filed September 9, 1950, that the brief of evidence was approved by the trial judge on December 5, 1950, and that the motion for new trial, as amended, was considered by the trial judge and the same overruled and a new trial denied on March 10, 1951. The case is here upon exception to that judgment. It seems that the proper place for the plaintiff to have objected to the brief of the evidence, because he had not been notified in writing of the presentation thereof to the court for approval, was while the trial judge had the motion for new trial under consideration. The record shows that the judge approved the brief of the evidence on December 5, 1950, and it was not until March of the following year that he passed on the same. The court had this brief in his hands from December 5, 1950, until March 10, 1951, and had to consider the same in passing upon the several special grounds of the motion for new trial, yet the record fails to disclose any reason why the plaintiff did not object to the brief during this time or to the court's consideration thereof in passing on the motion for new trial, as amended. No attack is made upon the brief of the evidence for failure of the defendant and movant to give the written notice provided for in the above section and rule until the case is brought to this court upon exception to the denial of a new trial by the court below, then a motion is made in this court to dismiss the bill of exceptions for failure of the movant for new trial to give the written notice provided for in said rule. There is no contention that there is not a proper brief of the evidence in the record.

There is nothing to the contrary held in the case of *Bartlett* v. *Sockwell, supra.* There this court held that the trial court did not err in dismissing the appellant's appeal in the Civil Court of Fulton County where it appeared that the appellant had not given the written notice provided for in Code § 24-3347 as to the brief of the testimony in that case. The writ of error was dismissed.

While it is true in the instant case that the record does not reveal in so many words that the written notice required under Rule 64, Publisher's Pocket Ed. to the Code Supp. § 24-3364 relative to giving the opposite party the written notice as to the presenting of the brief of evidence to the opposite party before submitting the same to the trial judge for approval by him or in lieu thereof a written waiver of the opposite party as to said notice was given, yet it does appear from the brief of evidence itself that counsel for the plaintiff participated in the preparation of this brief with counsel for the defendant. This being true, as it appears from the record, the defendant is estopped from claiming the benefit of the provisions of said Rule 64, supra. See *Nashville &c. Ry. Co.* v. *Ham,* 78 *Ga. App.* 403 (50 S. E. 2d, 831).

The motion of the plaintiff to dismiss the bill of exceptions in the instant case is without merit and is denied.

■ The defendant contends that the trial court erred in failing to state in his charge that one of the contentions of the defendant was that the plaintiff was suffering from ill health prior to the alleged assault, and also because the trial judge did not inform the jury that another contention of the defendant was that even if he was liable "in some degree for the plaintiff's injuries, that because of opprobrious words used of and to the defendant such damages should be mitigated." Error is assigned on the above in the first and second special grounds of the defendant's motion for new trial, as amended. There was no request made to so charge the jury.

The jury were fully charged that they could consider all the attendant facts and circumstances and the mitigating circumstances in arriving at the amount of the damages. No error of law appears from either of these grounds of the amended motion for new trial. It is true that the defendant testified that the plaintiff called him "a dern rascal" about his dealings in a business transaction and that "I wheeled around and we met and we pushed around."

■ Error is assigned in the third and fourth special grounds of the motion on this charge of the court "If you find that the defendant was not at fault, that it was not the fault of the defendant but it was provoked by abusive words or language or

that the defendant was acting in self-defense you can stop right there and write a verdict for the defendant." This charge is assigned as being error because the court failed thereby and therein to apply the law relative to abusive words and did not define under what circumstances a defendant might act in self-defense. This excerpt from the court's charge was not error for this reason. Had the defendant desired fuller instructions than those given, a request therefor should have been made. This charge did not have the effect of requiring the jury to find that the defendant was entirely free from fault before he could make any defense against the damages alleged in the petition and would not be entitled to have the jury mitigate or lessen the damages, if they found the defendant partly at fault and the plaintiff partly at fault. The defendant complains in the 5th special ground that the words in said excerpt "but that it was provoked by abusive words or language or that the defendant was acting in self-defense" were error because the word "it," as used by the court therein, does not describe the act or acts to which the word referred. We do not think that this charge was error for this reason, nor for any of the other reasons assigned.

■ The court instructed the jury as follows: "If you find that the plaintiff has carried the burden by showing you by a preponderance of the evidence that it was an unjustifiable assault, that it was a tort committed upon the plaintiff and the damages resulted thereby, under the rules of law that I have given you, it would be the duty of you to ascertain the amount of the damages." Error is assigned on this excerpt in the 6th special ground. While the above charge is not couched in apt language, the same is not contrary to law, and was not misleading or confusing to the jury and did not have the effect of preventing the jury from consideration of any mitigating circumstances, which they might find, in determining the case and ascertaining the damages, under the entire charge.

■ The court charged the jury the provisions of Code § 105-2001 and elaborated thereon, and then charged the jury as to special damages claimed, and as to general damages to compensate the plaintiff for the physical and mental pain and suffering, which would be determined by the enlightened con-

science of impartial jurors, and the court then instructed the jury the provisions of Code § 105-2002 as to "aggravating circumstances," and also told the jury that, "Punitive damages may be authorized where the circumstances of the tort are such as to evince an entire want of care and indifference to consequences. When authorized such damages are allowed to deter the wrongdoer from repeating the tort and as compensation for the wounded feelings of the plaintiff." Immediately the court followed with this charge, a part of which is excepted to in the 7th and the 9th special grounds: "In some torts, gentlemen, the entire injury is to the peace, happiness or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction and all the attendant facts and circumstances should be weighed. If the entire injury to the plaintiff should be to his peace, happiness and feelings, and the plaintiff should be entitled to recover on account of such injury, the only measure of damages is the enlightened conscience of fair and impartial jurors. In determining the amount of such damages the jury would consider all the facts and circumstances of the case as disclosed by the evidence and fix such sums as you think would be reasonable and fair." The defendant contends that it was harmful and prejudicial and reversible error for the court in the above charge to use the language "consider the worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." This charge was erroneous. See *Baldwin* v. *Davis,* 188 *Ga.* 587, 593 (4 S. E. 2d, 458), where a similar charge was held error and the court went into the question. The entire injury to the plaintiff here was not to his peace, happiness or feelings. He claimed physical injuries and physical as well as mental pain and suffering, causing him to have medical treatment and to be hospitalized, and there was evidence in support thereof. In *Hooks* v. *Sanford,* 29 *Ga. App.* 640 (2) (116 S. E. 221), this court held, "This not being a case where the entire injury sued for was to the peace, happiness, or feelings of the plaintiff, it was reversible error for the court to instruct the jury that they should weigh the wordly circumstances of the parties." In this con-

nection, see *Southern Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (71 S. E. 414).

■ Error is assigned in the 8th special ground on the failure of the court to charge that "conduct amounting to a justification for an assault and battery may be proved in extenuation or mitigation of damages, even if you should find in favor of the plaintiff." No request to so charge was given to the court, and the charge of the court as given fully covered the subject.

■ The defendant complains in the 10th special ground of the motion for new trial that the trial court erred in charging the provisions of Code § 105-2003. Under the facts, this charge was not error, except insofar as it permitted the jury to consider the worldly circumstances of the parties. There was evidence that the assault sued for was wilfully made, and there were circumstances from which the jury could infer that the defendant had struck the plaintiff with a deadly weapon and that the assault was without justification. The jury could properly find that there were these aggravating circumstances.

■ The court should not charge the provisions of Code §§ 105-2002, and 105-2003, in such manner as to confuse and mislead the jury. Error is assigned in the 11th special ground on the giving by the court of these two sections in charge in this case, where there was physical injury claimed and damages sought therefor as well as damages for wilfulness and for mental suffering. The plaintiff could recover punitive damages and damages for the physical injury sustained, but the plaintiff could not recover double damages. It is error to charge the language of both Code sections, as stated, so as to permit a double recovery. See *Baldwin* v. *Davis,* supra. The court erred in charging all of Code § 105-2003 under the facts of this case.

■ The court did not err, as complained of in the 12th special ground, in permitting plaintiff's counsel to ask a medical expert this question "Doctor, assuming that about a week before he (Adams) was beaten over the head with a hammer, that he had high blood pressure, would you say that at the time that you saw him that his condition had been aggravated by the experience he had been through?" There was evidence that the defendant had a hammer in his hand and that the plaintiff had been struck a severe blow on his head and was bleeding. The

jury could have inferred that the defendant struck the plaintiff with this hammer. If this blow aggravated a pre-existing injury, the plaintiff would be entitled to compensation therefor.

It was improper to charge the jury on special damages, where there was no evidence thereof, as complained of in the 13th special ground. However, as a new trial is to be granted, this will not likely recur on a subsequent trial of this case.

The court properly charged the jury that "In determining the amount of such damages (referring to the damages claimed) the jury would consider all the facts and circumstances of the case as disclosed by the evidence and fix such amount as they think would be reasonable and fair." Error is assigned on this excerpt in the 14th special ground. This charge did not constitute an opinion by the court that such facts and circumstances authorized the plaintiff to recover.

As a new trial is granted, no ruling is made upon the sufficiency of the evidence nor upon the contention of the defendant that the verdict rendered was excessive.

It follows that the trial judge erred in overruling and denying the defendant's motion for new trial, as amended.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*